### In re GREATER PYTHIAN TEMPLE ASS'N OF NEW YORK.

District Court, S. D. New York.
April 29, 1937.

Deiches & Kaplan, of New York City, for debtor.

Zalkin & Cohen, of New York City, for National City Bank of New York.

## PATTERSON, District Judge.

The debtor in reorganization filed a petition to compel the National City Bank to pay over the sum of $1,500 held by the bank in a "special account" for the debtor. The petition alleged that while the bank claimed a right to set off the account against a larger debt owed by the debtor to it, the account was held by the debtor in trust for one Rosenberg, to the bank's knowledge, and that the right of set-off did not cover such account. In its answer the bank denied knowledge that the special account was held in trust and asserted a right to apply the account against the larger claim owed to it by the debtor. The bank also disputed the jurisdiction of the court to grant relief by summary order. The referee to whom the matter was referred took testimony and reported that "the weight of evidence" was with the debtor, that the bank had notice of the trust character of the account at the time when it was opened. The question is whether a summary order to pay over the money should be made on the strength of the referee's report.

On the papers and other proof it is undisputed that the debtor owes the bank an amount far larger than the deposit in the special account. It is also undisputed that the deposit in the special account is in fact a fund held by the debtor in trust for another. The debtor received a check for $1,500 from one Rosenberg as security for payment of rent under a lease. This was the check with which the special account was opened, and the moneys collected on this check were the only moneys ever in the account. The disputed point is whether the bank was put on notice of the true character of the account when it was opened. In the debtor's behalf it is pointed out that the Rosenberg check has on its back the words "for security on lease." The bank denies that these words were on the check when it was deposited by the debtor. The writing is different from the writing on the face of the check and is unidentified. Goldfarb, the debtor's cashier, testified that he told Turner, an employee of the bank, that he wished to open an account with a check received as security on a lease, that he asked about a trust account that might draw interest, that Turner informed him that the bank would not accept an interest-drawing account from a corporation and suggested a special account; that he exhibited the lease to Turner and pointed out the clause dealing with security to be furnished by the lessee; that Barnes, an employee of the bank who was called over, also said that a trust account could not be opened. Goldfarb testified that the words "for security on lease" were on the check at the time, that he definitely recalled having seen them. In the bank's behalf, Turner testified that Goldfarb merely inquired whether the debtor might open an account in the compound interest department, to which he replied that such an account would not be accepted from a corporation; that on Goldfarb then inquiring how the debtor might open an account with money to be kept separate from its regular account, he suggested a special account. He denied having seen the lease, and he also denied having been told that the money represented security on a lease. He said that he had not seen the words "for security on lease" on the check, and that if they had been on the check he should have seen them. Barnes had no recollection of having any

talk about the special account. Another witness for the bank testified that in extending credit to the debtor the existence of the special account was one of the factors taken into consideration.

 If the bank had no notice that the funds in the special account were funds held by the .debtor in a trust capacity, it had the right to apply such funds toward payment of the claim held by it against the debtor. In re Goll, 8 F.(2d) 101 (D. C.N.Y.); Commercial National Bank v. Stockyards Loan Co., 16 F.(2d) 911 (C. C.A.8). And if this were a plenary suit by the debtor to recover the money in the special account, the issue would be whether the bank had notice that the money in the debtor's special account was held by it only as security on the lease, an issue to be decided on the weight of evidence. But this is a summary proceeding, and so the issue is narrower: Whether the bank's claim that it had no notice that the special account was property held by the debtor only as security is merely a colorable claim. Where a trustee in bankruptcy asks for a summary order against another to turn over property on the ground that the property is part of the bankrupt estate, the existence of a substantial adverse claim by the respondent defeats the jurisdiction except in cases where the respondent consents to the jurisdiction; and the same is true of a similar proceeding brought by a debtor in possession in a reorganization case. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897. The right of a trustee or debtor in possession to obtain a bank deposit by summary order depends on whether the bank's adverse claim to the money is substantial. In re Fuller, 294 F. 71 (C.C.A.2); Shortridge v. Utah Savings & Trust Co., 40 F.(2d) 328 (C.C.A.10).

 The proof taken before the referee shows that the bank's adverse claim was substantial. The fact that the account was a "special account" did not of itself signify that the money in it was the property of some one other than the depositor. The words on the back of the check, "for security on lease," would have sufficed to put the bank on notice that another party had an interest in the money; but there is an issue of fact whether those words appeared on the check at the time when it was deposited. It is one man's recollection against another's. Finally, the testi-mony on what was said when the account was opened is in conflict. On this record "the weight of evidence" is probably with the debtor, as the referee reported; but it is quite another thing to say that the proof offered in the bank's behalf is not substantial enough to raise an issue of fact.

On the facts developed there is no jurisdiction to issue a summary order for the payment of the money. The debtor's petition will accordingly be dismissed. The expenses of the hearings before the referee will be borne by the debtor.