In the Matter of YALE EXPRESS SYSTEM, INC., Debtor.

FRUEHAUF CORPORATION, Petitioner-Appellant,

v.

YALE EXPRESS SYSTEM, INC., Respondent-Appellee.

No. 125, Docket 31567.

United States Court of Appeals Second Circuit.

Argued Oct. 23, 1967.

Decided Nov. 8, 1967.

[1]. 45 U.S.C. §§ 51–60.

Marvin F. Hartung, New York City (Conboy, Hewitt, O'Brien & Boardman, Myron D. Cohen, New York City, of counsel), for petitioner-appellant.

William R. Glendon, New York City (Royall, Koegel, Rogers & Wells, David W. Bernstein, New York City, of counsel), for respondent-appellee.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

When we reversed the District Judge's prior ruling on Fruehauf Corporation's [Fruehauf] application for reclamation,[1] we did so because we believed too much reliance had been placed on In re Lake's Laundry, 79 F.2d 326 (2d Cir. 1933). We expressed the view that the *ratio decidendi* of that case had been undermined by the adoption in virtually every state of the Uniform Commercial Code

which was "well on its way to becoming a truly national law of commerce" United States v. Wegematic Corp., 360 F.2d 674, 676 (2d Cir. 1966). Accordingly, we remanded so that Judge Tyler could reconsider the petition in the light of our interpretation of the law that equitable principles and not hair-splitting distinctions on possession of title should govern the ultimate determination of the issues. We suggested also that if reclamation was not appropriate the district judge should consider whether Fruehauf was deserving of rental payments for Yale Express System's [Yale] use of its trucks and trailers during the reorganization. We find no error with Judge Tyler's denial of Fruehauf's claims for reclamation or rental payments.

On the record before us, it is clear beyond cavil that the prospects of reorganization would be frustrated if the reclamation petition were granted. In fact, such success as Yale is now having stems largely from its use of the very equipment Fruehauf seeks to reclaim. While it is true that the trustee finds himself dependent upon Fruehauf trucks and trailers since he has replaced older vehicles with modern Fruehauf equipment, the trustee is charged with using his best business judgment to cure the ailing corporation. The replacement of old conveyances by new and more efficient ones is certainly in the interest of the company.

Moreover, the trustee's goal of rehabilitating Yale is not a mere will-o'-the-wisp. On the contrary, the district judge found that successful reorganization of most, if not all, of the debtor companies is a reasonable possibility. Under these circumstances, and in light of the fundamental purpose of reorganization proceedings to enable the debtor to continue operations as well as to protect the rights of creditors, 6 Collier, Bankruptcy ¶ 0.11 (14th ed. 1965), we are unable to conclude that the court abused its equitable discretion. Cf. Id. at ¶ 3.-32.

1. 2 Cir., 370 F.2d 433 (1963).

In light of our earlier suggestion that the district judge may give consideration to rental payments, if appropriate, Fruehauf and other creditors filed applications for such relief.[2] And, at the hearing before Judge Tyler, other secured creditors indicated that while they opposed Fruehauf's demand for rental payments, they too would seek such payments if this relief were granted any creditor. Fruehauf's attempt to distinguish its predicament from that of Yale's other secured creditors is unconvincing; there is little difference between security interests based on loans and those based on sales when weighing creditors' relative equities. Thus, on Fruehauf's showing the district judge appropriately denied its application since equal treatment would have to be afforded all creditors holding security on assets that were producing earnings. And, to grant rental payments or their equivalent to all such creditors would nullify the reorganization as effectively as granting the petition for reclamation.

Nor, have we overlooked Fruehauf's contention that equitable considerations compel a favorable ruling in its behalf because the vehicles in which it claims a security interest are depreciating. But to such extent as Fruehauf has been damaged by the use of its property pending the reorganization, it is entitled to equitable consideration in the reorganization plan. See In re New York, New Haven & Hartford R. Co., 147 F.2d 40 (2d Cir.), cert. denied, 325 U.S. 884, 65 S.Ct. 1577, 89 L.Ed. 1999 (1945). Moreover, we note that the trustee has offered to fix the value of the security interest claimed by Freuhauf so that its position in any reorganization will be unaffected by possible depreciation.[3]

Affirmed.

2. The applications of White Motor Corporation and White Motor Credit Corporation were also denied but are not before us.

3. Fruehauf claims that it was misled because Judge Tyler stated that he would give it an opportnity to discuss the question of rent at some future point. But,

Judge Tyler clearly indicated that he would reopen the hearing only if "I [he] decided that rental payments are in order." He concluded that they were not, and we agree. We have examined Fruehauf's remaining contentions and find them devoid of merit.