In re Stanley L. BRICKEL, Debtor.

Stanley L. BRICKEL and Gerald S. Cope, Trustee, Plaintiffs,

v.

The MERCHANTS NATIONAL BANK OF MANCHESTER, Defendant.

Bankruptcy No. 281–00066.
Adv. No. 281–0022.

United States Bankruptcy Court,
D. Maine.

May 22, 1981.

**354**

Stephen B. Wade, c/o Fales & Fales, P. A., Lewiston, Me., for plaintiff.

John Cole, Skelton, Taintor & Abbott, Lewiston, Me., for defendant.

FREDERICK A. JOHNSON, Bankruptcy Judge.

On February 11, 1981 the Debtor filed a petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.* Simultaneously the Debtor commenced this adversary proceeding alleging that the Defendant wrongfully repossessed the Debtor's 1975 Peterbilt tractor on January 30, 1981.[1] Plaintiffs contend that the intimidating presence of a uniformed police officer accompanying the Defendant purporting to engage in "self-help" repossession of the Debtor's tractor constituted constructive force and a breach of peace in violation of

11 M.R.S.A. § 9–503. Plaintiffs additionally argue that, even if the police officer's presence did not violate 11 M.R.S.A. § 9–503, his presence constituted state action which deprived the Debtor of his property without due process in violation of the 14th Amendment of the United States Constitution.[2] Plaintiffs have requested an order for the return of the Debtor's tractor together with damages for lost profits and attorney's fees.[3]

On March 6, 1981 the Defendant filed a counterclaim with its answer seeking relief from the automatic stay (11 U.S.C. § 362) so that it could proceed to liquidate the Debtor's tractor.[4]

Because of the novel and complex legal issues involved in this proceeding and the necessity that a decision as to the possession of the Debtor's vehicle be made promptly if his Chapter 13 plan is to have any chance of success, the Court will consider the Debtor's complaint as a complaint for turnover of estate property and a request to use that property in the ordinary course of business. A decision on the wrongfulness of the Defendant's repossession will be rendered in due course after the issues raised have been fully researched and resolved.

## DISCUSSION

Section 543 of the Bankruptcy Code (11 U.S.C. § 543) provides in pertinent part that:

(b) A custodian shall—
(1) deliver to the trustee any property of the debtor transferred to such custodian ... that is in such custodian's possession, custody or control on the date that such custodian acquires knowledge of the commencement of the case; ...

---

1. The Chapter 13 Standing Trustee was added as a party plaintiff on March 6, 1981.

2. Plaintiffs additionally argue that the State of Maine's involvement in creating a statutory scheme which allows and encourages self-help repossession constitutes State action requiring due process scrutiny.

3. Plaintiffs' request for attorney's fees is based on a provision in the Debtor's promissory note

with the Defendant which is in turn based on a New Hampshire statute. Resolution of the issues presented by the request for attorney's fees will involve significant research in addition to that necessary for resolution of the underlying claim.

4. The Defendant consented to an extension of the time limitations of Section 362(e) and Local Bankruptcy Rule 4001(a).

■ Section 101(10)(C) of the Bankruptcy Code defines "custodian" as *inter alia,* an "... agent under applicable law ... that is ... authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property." A secured creditor who holds property repossessed from a debtor is a "custodian" under this definition. *See In re Williams,* 6 B.R. 789, 6 B.C.D. 1219, 1220, (Bkrtcy.J.E.D.Mich.1980); *In re Gunder,* 8 B.R. 390, 394 (Bkrtcy.J.S.D. Ohio, E.D.1980); *Cf. Smitty's Inc. v. Southeast National Bank of Orlando,* 1 C.B.C.2d 366 (Bkrtcy.J.M.D.Fla.1979) (creditor who seized property pursuant to a pre-judgment writ of replevin).

■ The Debtor's interest in his tractor constitutes "property of a debtor transferred to [a] custodian." The tractor was in the Defendant's custody on the date the Defendant acquired knowledge of the commencement of this case. Therefore, the Court will order the Defendant to comply with Section 543 by delivering the Debtor's tractor to the Trustee.[5]

■ The Debtor proposes to fund his Chapter 13 plan through use of the tractor in long-haul independent truck driving. Use of property by a Chapter 13 debtor is subject to the conditions imposed on use of property by Section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 1303. Under Section 363(e) an entity having an interest in property which a debtor proposes to use is entitled to adequate protection of its interest. The Court has determined pursuant to Section 506(a) of the Bankruptcy Code (11 U.S.C. § 506(a)) that the amount of the secured claim to which the Defendant is entitled to protection under Section 363(e) is $18,000.

As a condition precedent to turnover of the tractor the Debtor shall:

1. Provide proof to the Standing Chapter 13 Trustee and Merchants National Bank that the vehicle is fully insured;

2. Deposit with the Standing Chapter 13 Trustee a cash deposit in the amount of $2,000 to ensure compliance with this Court's present and future orders; and

3. Resume payments to Merchants National Bank at the original contract rate. First payment to be made before he takes possession of the truck.

After the Debtor commences to use the vehicle he will keep the Standing Chapter 13 Trustee informed of its whereabouts at all times.

An appropriate order will be entered.

---

**5.** Section 543(d) of the Bankruptcy Code (11 U.S.C. § 543(d)) permits the Court to excuse compliance with Section 543(a) if the interests of creditors would be better served by permitting a custodian to continue in possession of property. Since the tractor is essential to the Debtor's capability to propose and complete his Chapter 13 plan, the creditors' interests are best served by the Debtor's use of the tractor. *See In re Williams,* 6 B.R. 789, 6 B.C.D. 1219, 1221 (Bkrtcy.J.S.D.Ohio, E.D.1980).

The Court will determine at a later date what amount, if any, the Defendant is entitled to as compensation for costs and expenses incurred in its role as custodian. *See* 11 U.S.C. § 543(c)(2).