**In re Thomas Lee LEWIS, Argentina Williams Lewis, Debtors.**

**Joe M. FLOURNOY, Chapter 13 Trustee, Plaintiff,**

v.

**CITY FINANCE, Defendant.**

**Bankruptcy No. 81–40162–COL.**
**Adv. No. 81–4122–COL.**

United States Bankruptcy Court, M. D. Georgia, Columbus Division.

June 25, 1981.

Charles C. Carter, Columbus, Ga., for plaintiff.

William L. Slaughter, Columbus, Ga., for defendant.

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

This proceeding is before the Court for decision on respective motions for summary judgment. The sole question is whether the Defendant is a "custodian," and, herein, this is answered in the negative.

## FINDINGS OF FACT

The facts are not disputed:

1. Defendant has a perfected (Title Certificate) security interest in a 1970 Pontiac automobile securing an indebtedness of $426.

2. Debtor, Argentina Williams Lewis, defaulted, and Defendant took possession of the automobile by self-help as authorized in the security agreement.

3. Defendant acquired such possession within a ten-day period immediately preceding the filing of the Chapter 13 case.

4. The title to the automobile is in the name of Argentina Williams Lewis, and the Title Certificate shows Defendant as holding a security interest.

5. Defendant continues to have possession of the automobile.

## CONTENTIONS, QUESTION, AND CONCLUSION

Plaintiff filed a complaint seeking possession of the automobile contending that Defendant is a custodian of property. Plaintiff asserts that by reason of the definition of custodian contained in 11 U.S.C. § 101(10) and the duty of a custodian in 11 U.S.C. § 543(b), Defendant should be required to deliver the automobile to Plaintiff. No other ground for recovery of possession is asserted by Plaintiff. Defendant contends that it is not a custodian within the definition of 11 U.S.C. § 101(10) and, therefore, is under no duty to deliver the possession of the automobile under 11 U.S.C. § 543(b) to the Plaintiff.

The question for decision is whether Defendant is a custodian within the definition of 11 U.S.C. § 101(10). If Defendant is a custodian, the possession of the automobile should be delivered to Plaintiff. If Defendant is not a custodian, the possession of the automobile should not be delivered to the Plaintiff.

The Defendant is not a custodian.

## DISCUSSION

■ The conclusion reached herein is different from *In re Williams*, 6 B.R. 789, (Bkrtcy.1980), and this is the only case found or cited.

The only applicable part of 11 U.S.C. § 101(10), which defines custodian, is subsection (C) as follows:

(10) "custodian" means—

  (A) . . .

  (B) . . .

  (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property,

or for the purpose of general administration of such property for the benefit of the debtor's creditors;

To fall within this definition of custodian, an entity must be a "trustee, receiver, or agent," and Defendant is none of these. Defendant is a creditor. Defendant is one of two parties to a security agreement and is a repossessing creditor.

To fall within the definition Congress saw a third party taking charge of property for the benefit of the debtor's creditors, and not a repossessing secured creditor acquiring possession of property for its own benefit.

"Such property" is used twice in the definition and each time refers back to the property which the trustee, receiver, or agent is appointed or authorized "to take charge of." "Such property" is taken "charge of" for one of two purposes, either to enforce a lien or general administration. In the latter it is clear that it is "for the benefit of the debtor's creditors," not a single creditor. In the former for whose benefit is not stated, and for this reason the last phrase "for the benefit of the debtor's creditors" applies to the former.

In addition to not being a "trustee, receiver, or agent," not being a third party, and not having possession of the automobile for the benefit of debtor's creditors, Defendant also is not appointed "under applicable law by any court," and is not a "trustee, receiver, or agent" authorized to take charge of property of the debtor by contract to enforce a lien or administer the property for "the benefit of debtor's creditors." The Defendant's contractual authority (security agreement) is permissive only—it is not mandatory. The Defendant's contractual authority gives it an option to repossess or not repossess. The definition in 11 U.S.C. § 101(10) anticipates a third party without option. It anticipates mandatory duties of the trustee, receiver, or agent arising from court appointment or contract.

There is a certain ambiguity in the 11 U.S.C. § 101(10)(C) definition of custodian. Should there be error in the above conclusions, the definition might be construed to include the Defendant as one who by contract has possession of property to enforce a lien should importance be given to the comma following the words "enforcing a lien against such property.". If importance is given to the comma, the definition fails to state for whose benefit the lien is to be enforced. In the instant case the benefit runs only to a single creditor, and this is contrary to the tenor of 11 U.S.C. § 543(b) and the legislative history of 11 U.S.C. § 101(10). 11 U.S.C. § 543(b), turnover of property by a custodian, seems to be addressed not to a repossessing creditor but to a third party having custody of property for the benefit of the debtor's creditors. From the tenor of the definition of 11 U.S.C. § 101(10), from 11 U.S.C. § 543(b), and from the legislative history that has been found or cited, it does not appear that the Defendant should be included in the definition of custodian. Nothing indicates that a repossessing secured creditor taking charge of property to be liquidated for its own benefit is to be considered as a custodian.

■ Quoted below are portions of the legislative history applicable to 11 U.S.C. § 101(10):

"Paragraph (10) defines 'custodian.' There is no similar definition in current law. It is defined to facilitate drafting, and means prepetition liquidator of the debtor's property, such as an assignee for the benefit of creditors, a receiver of the debtor's property, or a liquidator or administrator of the debtor's property. The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include other officers of the court if their functions are substantially similar to those of a receiver or trustee." H.R.Rep. No.595, 95th Cong., 1st Sess., p. 310 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6267.

"Paragraph (11) [10 in the Code] defines 'custodian.' There is no similar definition in current law. It is defined to facilitate drafting, and means a prepeti-

tion liquidator of the debtor's property, such as an assignee for the benefit of creditors, a receiver of the debtor's property, or administrator of the debtor's property. The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include other officers of the court if their functions are substantially similar to those of a receiver or trustee." S.Rep.No.989, 95th Cong., 2d Sess., p. 23 (1978), U.S.Code Cong. & Ad.News 1978, p. 5809.

The tenor of the above is that Congress intended a third party to be a "custodian," and that this custodian would be for the benefit of the creditors and not for a creditor lawfully in possession of property solely for its own benefit.

If the definition of "custodian" in 11 U.S.C. § 101(10) is not strictly and narrowly construed, the situations to which it could be applied are limitless. If broadly construed, there would be little reason from excluding a custodian from 11 U.S.C. § 542 which requires turnover of property to the estate and little reason for 11 U.S.C. § 543 providing for turnover of property by a custodian. Further, it seems that Congress saw a custodian as one who received possession of the property as a custodian, not as a repossessing secured creditor who, upon the filing of a bankruptcy case by its debtor, suddenly by some metamorphic process became a custodian.

An Order is entered simultaneously herewith granting Defendant's Motion for Summary Judgment.