In re **MEYER'S INC., dba Huckabay's Department Store, et al., Debtor.**

**Bankruptcy No. 81–00725–K.**

United States Bankruptcy Court, S. D. California.

Oct. 9, 1981.

Philip J. Giacinti, Jr., San Diego, Cal., trustee in pro per.

Philip D. Kopp, San Diego, Cal., for Mr. and Mrs. Raboff.

## MEMORANDUM OF OPINION RE: CREDITORS CLAIM FOR ADMINISTRATIVE EXPENSES

HERBERT KATZ, Bankruptcy Judge.

### FACTS

Prior to the filing of a voluntary petition under Chapter 7 (11 U.S.C. § 701 et seq.) of the Bankruptcy Code by this debtor, Mr. and Mrs. Raboff (hereinafter "Raboff") caused to be issued a writ of attachment pursuant to a stipulated judgment entered by the Superior Court of California in favor of Raboff and against the debtor. The writ of attachment, issued on or about February 9, 1981, caused a keeper to be installed at the debtors places of business. In addition, on March 10, 1981, a sheriff's sale was conducted of the attached assets of the debtor which generated $5,500 in cash. On March 17, 1981, the within bankruptcy proceeding was commenced. On March 31, 1981, Raboff and the trustee stipulated that the entire proceeds of the sheriff's sale be turned over to the trustee, to hold until a determination of the rights of the parties to the proceeds could be made. On July 17, 1981, Raboff filed a Notice of Intent seeking an order granting them a claim for an administrative expense in the amount of $3,161.50, representing "the actual, necessary costs and expenses incurred by these creditors in liquidating certain of the debtor's assets for the benefit of the estate." The sum of $3,161.50 represents moving expenses incurred by Raboff in the amount of $2,321.50 and keepers fees of $840.00.

### ISSUE

Is Raboff entitled to recover the sums prayed for as a cost of administration pursuant to 11 U.S.C. § 503(b)?

Is Raboff entitled to recover the sums prayed for as costs and expenses incurred by a custodian pursuant to 11 U.S.C. § 543(c)(2)?

## DISCUSSION

Both questions must be answered in the negative. § 503(b) provides insofar as applicable here that

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:

The legislative history of § 503(b) states that it is derived mainly from § 64(a)(1) of the now repealed Bankruptcy Act of 1898.

■ Under 64(a)(1), and therefore under § 503(b), generally, only those *post filing* expenses incurred in an effort to preserve the estate for the benefit of all creditors were compensable as first priority expense of administration. However, pre-filing expenses incurred by creditors exclusively in their own self interest, which may subsequently have been of some benefit to the estate have no such priority.

■ The attachment here, was without question, levied for no purpose other than Raboff's own interest in attempting to collect on their judgment. It was not done for any altruistic purposes of benefitting the other creditors of this debtor. In fact, but for the filing of the bankruptcy, Raboff would have retained all the money obtained by the sheriff for their own purposes, to the derogation of the other creditors. When a creditor acts for his own selfish purposes, he is not entitled to a cost of administration priority.

■ In addition, while the matter is not properly before me, the transfer by way of attachment to Raboff seems to be, as the trustee contends, a preference under 11 U.S.C. § 547. Where a preference is recovered by the trustee, the entire preference is recoverable, without deducting therefrom any costs attributable in favor of the preferred creditor.

■ Raboff also suggests that it is a custodian within the meaning of 11 U.S.C. § 101(10) and therefore is entitled to recover costs and expenses under § 543(c)(2).

This argument cannot be sustained for an attaching creditor is neither a trustee, receiver, or agent appointed to take charge of the debtor's property for purposes of enforcing a lien against it or administering it for the benefit of the debtor's creditors. A creditor acting for his own benefit, is not within the ambit of the intent of Congress in defining a custodian. Congress intended that definition to apply to a third party acting, not for the benefit of one creditor, but rather for the benefit of all creditors.

Here the Raboff's, when they attached, and ordered sold, the debtor's property acted only in their own self-interest hence the sums expended by them were done so at their risk and at the risk that the debtor might file a petition for relief under the Code.

Therefore since the Raboff's do not qualify as custodians, they cannot recover their costs under § 543(c)(2).

Pursuant to FRCP 52 and Bankruptcy Rule 752, this Memorandum constitutes the Findings of Fact and Conclusions of Law.

The trustee is to prepare an order in conformity herewith.