MERRITT, Circuit Judge,
dissenting:
It is unclear whether Congress intended that a secured creditor who has repossessed but has not liquidated his collateral, and is therefore subject to the stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a)(4), should be considered a “custodian” for purposes of the turnover provisions. Neither is it clear whether such collateral should be considered “property” subject to turnover under § 542(a). For the reasons set out at some length by Judge Patton in ABD Federated Credit Union v. Williams, 6 B.R. 789 (E.D.Mich.1980), I believe the wage earner, rather than the creditor, has the better side of the argument under § 543 and for the reasons set out by Judge Friendly in United States v. Whiting Pools, Inc., 674 F.2d 144 (2nd Cir., 1982), he also is entitled to turnover under § 542(a). The creditor in this position has fiduciary duties to the debtor and the court to retain possession and protect the collateral. The creditor’s duties (prior to the effectiveness of the stay order) to protect the debtor’s equity interest in the collateral under state law, plus the creditor’s duties to the debtor and the court arising from the bankruptcy proceeding and the stay order, lead me to the conclusion that the creditor is in position of a “custodian” of the collateral. The creditor’s combined duties arising “under applicable law” are such, once the stay order goes into effect, that he loses control over the disposition of the collateral. His position is sufficiently analogous to that of “agent” or “constructive trustee” that I would characterize him as a “custodian” under section 543.
In addition, as Judge Patton points out in the ABD case, a contrary ruling creates an “anomalous situation” in which the creditor cannot sell or otherwise dispose of the car and the wage earner cannot use it as to complete Chapter 13 plan. “The economic utility of such a course is not evident. ... ” 6 B.R. 791-92. These considerations lead me to the conclusion in the face of the ambiguity of the statute that characterizing the creditor as a “custodian” will lead to sounder bankruptcy administration and less economic waste. Moreover, alternatively, the same result would seem to obtain under § 542(a). Judge Friendly marshals the arguments that “bankruptcy courts were intended to have (and should have) the authority to order the turnover of collateral from secured creditors in possession” under § 542(a). See Whiting Pools, supra, and the discussion of this same subject under the old code in Reconstruction Finance Corp. v. Kaplan, 185 F.2d 791 (1st Cir. 1950). I am persuaded by the reasoning of these cases. Therefore, I respectfully dissent, recognizing that if the phrase “applicable law” under section 101(10)(C) means only state law the court is undoubtedly right that Georgia law would not characterize a repossessing secured creditor as an “agent” prior to the bankruptcy of the debtor.