**In the Matter of PRIDE FOODS, INC., Debtor.**

**Bankruptcy No. BK81–1733.**

United States Bankruptcy Court, D. Nebraska.

Aug. 9, 1982.

Edward D. Hotz, Omaha, Neb., for Daisley Packaging Corp.

Douglas Quinn, Omaha, Neb., for trustee.

---

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

This matter came on for hearing on May 12, 1982, as a trustee's objection to an application of allowance of administrative expenses by Daisley Packaging Corporation (Daisley). Mr. Nicola, trustee of the debtor, objects on the grounds that some or all of the expenses and fees for which Daisley seeks compensation are not actual and necessary as required under Bankruptcy Code § 503 and additionally that a portion of those expenses and fees were incurred before the date of the filing of the petition of the debtor and are, therefore, not compensable pursuant to Code §§ 503 and 543.

The facts surrounding the controversy are these. On July 29, 1981, four vehicles belonging to the debtor and the subject of a prejudgment attachment order issued by the District Court of Douglas County, Nebraska, were released to the custody of Daisley Packaging Corporation for storage pending further order of that court. On August 28, 1981, Pride Foods Corporation (Pride Foods) filed a petition for relief under Chapter 7 of the Bankruptcy Code. In December, 1981, pursuant to 11 U.S.C. § 543, the vehicles were turned over to the trustee in bankruptcy. Subsequently, Daisley filed application for allowance of the following administrative expenses pursuant to Code §§ 503(b)(3)(E) and 543(c)(2): $3,832 for reimbursement of actual and necessary costs and expenses, $1,320 for attorney fees, and $178.56 for costs and reimbursement for legal and professional expenses incurred as a result of obtaining and preserving the subject property of the debtor.

The trustee's objection to payment of prepetition administrative expenses was disposed of in open court. The objection was overruled for the reason that Bankruptcy Code § 503 provides that certain qualifying administrative expenses incurred prepetition may be allowed.

11 U.S.C. § 543(c)(2) provides for the payment of reasonable compensation for services rendered and costs and expenses incurred by a custodian. Having found in open court the expenses applied for in this matter to be fair and reasonable, the sole issue remaining for consideration is the possible custodian status of Daisley through which it claims entitlement to this compensation.

The term "custodian" is specifically defined in Bankruptcy Code § 101(10) as a,

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;

(B) assignee under a general assignment for the benefit of the debtor's creditors; or

(C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

Case law on the issue of who may properly fall within the definition of custodian is sparse. Recognition by the Code of a pre-bankruptcy custodian's charges and expenses is new to bankruptcy law and, therefore, not traceable through the statutory language of the prior Bankruptcy Act [See 1 *Norton Bankruptcy Law and Practice* § 12.08, page 13, n.1 (1981)]. A recent Georgia court decision, *In re Lewis*, 7 B.C.D. 1023, 12 B.R. 106 (Bkrtcy.N.D.Ga. 1981), found that a secured creditor holding repossessed property as a result of self-help enforcement of its security interest was not a custodian. That court premised its holding upon the requirement that a custodian be a third party, who, acting under mandatory authority, takes charge of the debtor's property for the benefit of the debtor's creditors as a whole. A creditor acting for its own benefit and under permissive authority could not so qualify. *Lewis, supra,* at p. 108. The section seems to anticipate mandatory duties of the trustee, receiver or agent arising from court appointment or

contract and not a permissive authority under a security agreement to repossess at its option.[1]

In the instant case, Daisley claims custodial status by virtue of the prejudgment attachment order on four vehicles owned by the debtor held and stored by Daisley pending resolution of a $10,244.71 claim against the debtor for materials and equipment sold it. As the plaintiff in this matter is neither a receiver nor trustee, nor other officer of the court having similar function [H.R.595, 95th Cong. (1st Sess.) 310 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787] nor an assignee under a general assignment for the benefit of the debtor's creditors, the only means through which it can become a custodian are enumerated in § 101(10)(C). While it is arguable that a court-ordered prejudgment attachment "appoints" or "authorizes" a secured creditor to take charge of the property for the purpose of enforcing a lien, the statutory language seems to indicate that absent a finding of trustee or receivership, an agency relationship must be established. The statute, therefore, suggests that Daisley be found to be an agent under applicable law or under contract.

A case cited by the plaintiff in this matter, *In re Williams*, 6 B.C.D. 1219, 6 B.R. 789 (Bkrtcy.E.D.Mich.1981), holding that a self-help repossessing secured creditor was a custodian, so held by implying that an agency under contract had arisen by virtue of the mere existence of the security agreement, the creditor in that case being compared to a collecting agent under a security agreement. *Williams* at p. 790 (see also 2 *Collier on Bankruptcy* (15th ed.) para. 101.-10). I decline to apply the analogy to this case.

Section 543(b) seems to address a third party having custody of property for the benefit of a debtor's creditors, whether one or more. "If the definition of 'custodian' ... is not strictly and narrowly construed, the situations to which it could be applied are limitless ... there would be little rea-

son from excluding a custodian from ... § 542 ... and little reason for § 543.... Further, it seems that Congress saw a custodian as one who received possession of the property as a custodian, not as a repossessing creditor who, upon the filing of a bankruptcy case by its debtor, suddenly by some metamorphic process became a custodian." *Lewis* at p. 109.

As I find Daisley to be neither trustee, receiver, nor agent under contract or law and for the further reason that all actions taken and money expended by that creditor were solely in its own self-interest, I find that Daisley cannot meet the requirements of the definition of custodian under the Bankruptcy Code § 101(10) and, therefore, cannot be paid administrative expenses pursuant to § 503(b) in this bankruptcy proceeding. A separate order is entered in accordance with the foregoing.

---

1. On different reasoning, *In re Meyer's, Inc.*, 8 B.C.D. 418, 15 B.R. 390 (Bkrtcy.S.D.Cal.1981) holds that a creditor acting solely on its own behalf and not for the benefit of all creditors is not a "custodian".