In re Darnell Lamart RADDEN, Debtor.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Darnell Lamart RADDEN, Defendant,**

**and**

**Darnell Lamart RADDEN, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**Bankruptcy No. 83–01225–R.**
**Adv. Nos. 83–0265–R, 83–0223–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 30, 1983.

James R. Sheeran, Richmond, Va., for debtor.

James J. Burns, Richmond, Va., for GMAC.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

These matters came before the Court upon the filing of a motion for relief from stay by General Motors Acceptance Corporation ("GMAC") and upon the filing of a complaint for turnover of property by the debtor, Darnell L. Radden. This Court heard evidence and argument on these matters simultaneously and after submission of briefs by both parties, this Court renders the following opinion.

## STATEMENT OF FACTS

These matters involve the proper disposition of a 1979 Ford Mustang automobile (the "property"). The debtor, along with Priscilla Coe, purchased the property from Hechler Chevrolet, Inc. ("Hechler") on October 17, 1981. The property was titled in the debtor's name alone. Hechler financed this purchase by a retail installment sales contract secured by the vehicle. This installment sales agreement was assigned to GMAC pursuant to its agreement with Hechler entered July 3, 1980. Pursuant to the assignment, GMAC had some rights of recourse against Hechler. The relevant aspect of that agreement provides that when an uncured default occurs and GMAC delivers the collateral to Hechler within ninety days of the original default, Hechler will pay GMAC the balance of the principal and interest due on the contract. The running of the ninety day period is tolled when GMAC is precluded legally from repossession or returning the collateral to Hechler.

The debtor failed to make the contractually required payments to GMAC for the month of June, 1983. This constituted the first default under the assigned installment sales contract. The debtor did not cure the default and also failed to make the required monthly payment in July, 1983. GMAC notified the debtor and the co-buyer, Priscilla Coe, of their right to redeem the property and of a proposed sale of the property on August 12, 1983, if they did not redeem the property prior thereto.

On August 10, 1983, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. In his Chapter 13 plan the debtor lists the value of the property as $2,700.00 and the balance due on the contract as $4,400.30. The Chapter 13 plan proposes to pay, through the standing Chapter 13 trustee, GMAC in full to the extent of the value of the collateral plus interest thereon at the rate of 12 percent per annum in deferred monthly cash payments of $89.68 over a period of 36 months. To the extent that the amount on the contract exceeds the value of the collateral, the obligation owing to GMAC is treated as an unsecured claim. Under the plan, unsecured claims are to receive seventy cents on the dollar.

The debtor lives about a mile and a half from his place of employment and about three blocks from a food store. He has been able to get groceries without difficulty since the time GMAC obtained possession of the property. He has gotten to and from work either by obtaining rides from friends, by using his mother's automobile, or by walking. The debtor testified that (1) he is presently working from 3:00 p.m. until 11:00 p.m. and that a friend with an automobile in the same apartment complex works the same shift; (2) that he has missed very little work in the past five years at Western Electric, except that on at least one occasion he was absent because of inability to get to work; (3) that when he must walk home he does so on a street that is busy with traffic, is not lighted, and does not have a sidewalk; (4) that he has not yet been required to walk home from work in cold weather; (5) that he seeks a turnover of the property to enable him to get to and from work; (6) that although the property is not presently insured by him for collision and liability, he would reobtain insurance on the property; (7) that he has the present finances to procure such insurance; and (8) that he has presently a valid driver's license.

## CONCLUSIONS OF LAW

GMAC seeks relief from the automatic stay of 11 U.S.C. § 362(a) in order to deliv-er the property in its possession to Hechler thereby preserving its recourse rights under their agreement with Hechler. Pursuant to § 362(a) a creditor may obtain relief from the stay if it demonstrates cause including the lack of adequate protection of an interest in property of such creditor, or if the creditor demonstrates that the debtor does not have equity in such property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d). GMAC here seeks relief based both on the lack of adequate protection, *Id.* § 362(d)(1), and on the grounds that the debtor does not have any equity in the property and that such property is not necessary for the debtor's effective reorganization. *Id.* § 362(d)(2).

As to the latter basis for obtaining relief from the stay, this Court needs to find only that the property is necessary for an effective reorganization to deny GMAC relief pursuant to § 362(d)(2). The debtor admits in his Chapter 13 plan and his memorandum in support of his adversary proceeding and in opposition to GMAC's adversary proceeding that he lacks equity in the property. Therefore, if the property questioned here is not necessary for the debtor's effective reorganization, the creditor is entitled to relief from stay. *In re Rogers Development Corp.,* 2 B.R. 679 (Bkrtcy.E.D.Va. 1980); *In re Pleasant Valley, Inc.,* 6 B.R. 13 (Bkrtcy.D.Nev.1980).

The debtor bears the burden of proving that the property is necessary for his effective reorganization. 11 U.S.C. § 362(g). This Court is satisfied that an automobile is necessary for an individual's effective reorganization in today's society. *See, In re Williams,* 6 B.R. 789 (Bkrtcy.E.D. Mich.1980). As the debtor testified, he needs the property to get to and from his place of employment. Moreover, individuals need transportation to obtain medical as well as other necessary services. Having found that the property is necessary for an effective reorganization, this Court will not grant GMAC relief from the stay pursuant to § 362(d)(2).

As an alternate basis for obtaining relief from the stay, GMAC alleges that it has an

interest in property that is not adequately protected. Lack of adequate protection is sufficient "cause" pursuant to § 362(d)(1) for a court to grant a creditor relief from the automatic stay. The resolution of GMAC's claim in this regard turns on the issue of what is GMAC's "interest in property".

GMAC argues that the rights it has under the recourse assignment with Hechler, constitutes an interest in property for which it must be adequately protected pursuant to 11 U.S.C. § 361 and § 362(d). If the creditor's argument is accepted, the amount of GMAC's interest in property is the outstanding balance of the debtor's account, both principal and interest, because under the recourse agreement GMAC can recover the entire balance of the debtor's account. The debtor, on the other hand, argues that GMAC's interest in property that is entitled to adequate protection is only the amount of GMAC's allowed secured claim. If the debtor's contention is accepted, the amount of GMAC's interest in property is $2,700.00 because that is the value placed on the property at the time of the filing and GMAC does not contest the debtor's valuation of the property.

■ This Court is satisfied that GMAC's "interest in property" for purposes of 11 U.S.C. § 361 and § 362(d) is only the amount of their allowed secured claim and does not include any recourse rights they may have with third parties. The legislative history makes clear that "adequate protection of an interest of an entity in property is intended to protect a creditor's allowed secured claim". 124 Cong.Rec., House 11,-092 (Sept. 28, 1978); Senate 17, 408–09 (Oct. 6, 1978). See also In re Alyucan, 12 B.R. 803, 808 n. 10 (Bkrtcy.D.Utah 1981). In discussing the topic of § 362(d) "interest in property" at length, Judge Mabey concludes that "the 'interest in property' entitled to protection is not measured by the amount

of the debt, but by the value of the lien". 12 B.R. at 808.

The amount of GMAC's lien herein is the value of the collateral or $2,700.00 as agreed by the parties. GMAC's lien is equivalent to the allowed amount of their secured claim. This Court knows of no authority, nor has it been shown any, that holds that a creditor's rights in a contract, to which the debtor was not a party, constitutes an aspect of that creditor's interest in particular property of the debtor. In fact, the United States Bankruptcy Court for the Northern District of Georgia rejected a similar argument where Chrysler Credit Corporation objected to confirmation because the debtor's Chapter 13 plan did not take into account Chrysler's Repurchase Agreement in valuing the collateral. In re Clements, 11 B.R. 38 (Bkrtcy.N.D.Ga.1981).

Moreover, as discussed above, GMAC's interest entitled to adequate protection is the amount of its allowed secured claim. Section 506(a) demonstrates that the bankruptcy estate must have an interest in the property for which a creditor has an allowed secured claim.[1] Therefore, the estate should have an interest in the property for which a creditor seeks adequate protection. In the instant case, the debtor, or more precisely the bankruptcy estate, does not have any interest in GMAC's recourse rights with Hechler. The debtor was not a party to the recourse agreement. GMAC's allowed secured claim cannot be based on an interest in property in which the estate has no interest and since adequate protection here is limited to the amount of GMAC's allowed secured claim, the Court need not consider the third-party recourse rights in determining GMAC's "interest in property" for purposes of § 362(d) adequate protection.

The Court's decision here, rejecting GMAC's contention that its recourse rights are part of its "interest in property", does not leave GMAC without a remedy. If no

1. Section 506(a) provides, in pertinent part:
   An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...

confirmation of a Chapter 13 plan is accomplished GMAC may seek relief from stay and then turn the collateral over to Hechler and recover in full. If the debtor defaults under a confirmed plan, GMAC may ask the court to revoke the plan, seek relief from the automatic stay, and then turn the collateral over and recover in full. Because the stay of § 362 precludes GMAC from turning the property over, the ninety-day period provided in the recourse agreement is continually tolled and GMAC's rights under the recourse agreement are not extinguished during pendency of the case. If the automobile is destroyed after confirmation, GMAC can recover from the insurance proceeds. Moreover, intentional destruction might be grounds for denial of discharge.

■ The worst scenario in GMAC's eyes, yet the result sought by the law is confirmation and consummation of the debtor's plan. If this was to happen, the debtor would receive the property free and clear of liens, GMAC would receive the amount of their allowed secured claim in deferred cash payments, and the amount of their unsecured claim would be paid to the extent provided for by the plan with the balance being discharged. Under a fully consummated plan, GMAC would never obtain possession and, therefore, could never exercise its recourse rights with Hechler. The final result is unfortunate for GMAC but is a result of their contract with Hechler. A primary policy of the Bankruptcy Code is to encourage and facilitate debtors' efforts to reorganize and be rehabilitated. Therefore, although the result to GMAC is unfortunate, just as a discharge is unfortunate to unsecured creditors, it is justified and required if not encouraged by the Bankruptcy Code.

■ Having established that GMAC does have an interest in property and having determined the extent of that interest in property, this Court must now determine whether GMAC is adequately protected in that interest in property. Absent adequate protection, GMAC has established sufficient cause for this Court to order relief from the stay. 11 U.S.C. § 362(d)(1). The Court notes initially that the property in which GMAC has an interest is currently in GMAC's possession, therefore, GMAC is in the best position to protect its interest in the property from the likelihood of theft, vandalism, or destruction by natural cause.

Second, under the provisions of the debtor's plan, GMAC will retain their lien on the collateral and receive the amount of their allowed secured claim with interest and, therefore, its interest in property will be adequately protected if the plan is effectively consummated. GMAC has not demonstrated that the debtor's chances of rehabilitation are remote. To the contrary, the debtor has established that he has a stable employment record and that he is capable of meeting the payments to the standing trustee under the plan. The debtor has a reasonable likelihood of having his plan confirmed and consummated and, therefore, GMAC will likely receive the allowed amount of their secured claim through deferred cash payments. Recognizing this likelihood, GMAC's interest in property is adequately protected under the Chapter 13 plan and, therefore, GMAC requires no relief from the automatic stay to protect said interest.

■ In addition, this Court addresses whether GMAC is adequately protected during the time of filing the Chapter 13 petition and confirmation of the Chapter 13 plan. The creditor, GMAC, seeks interim payments as a means of adequately protecting their interest in the property. The court notes that having been dispossessed of the property, the debtor has a valid reason for suspending payments to GMAC until he is assured of repossession of the property. In addition, GMAC's right to receive interest on the value of its collateral is not constitutionally protected. *In re American Mariner Industries, Inc.*, 10 B.R. 711 (Bkrtcy.C.D.Cal.1981). Finally, because of the relatively short amount of time between filing and date of confirmation, the fact that GMAC has remained in possession of the property since before filing and the lack of any evidence before the Court that the property has depreciated in value from

filing to date of confirmation no interim payments will be ordered for purposes of adequate protection.[2] *See, id.* at 714. A hearing on confirmation is to be held in the very near future and no evidence has been presented to show that confirmation is not likely or that other parties will object to confirmation.

■ Finally, this Court now addresses the issue of the debtors turnover complaint. The debtor seeks to recover the property that was returned voluntarily to GMAC prior to the filing of bankruptcy. The debtor seeks this turnover pursuant to § 542 which provides in pertinent part:

> "an entity ... and possession custody or control, during the case, of property that the trustee may use, sell, or lease ... or that the debtor may exempt under § 522 ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

11 U.S.C. § 542(a).

The debtor here has filed a petition pursuant to Chapter 13 of the Bankruptcy Code. Section 1303 provides the debtor with the rights and powers that a trustee would have under Chapter 7 or the debtor in possession would have under Chapter 11.[3] Consequently the debtor is a proper party to seek turnover pursuant to § 542(a) because the property that the debtor seeks to have turned over is property that he as debtor may use in the ordinary course of business. *See*, 11 U.S.C. § 363.

■ Having found that the debtor is the proper party to bring a section 542 turnover complaint, this Court notes the elements of § 542 include (1) an entity has possession, custody, or control of property (2) that the debtor may use the property pursuant to § 363 and (3) that the property has value or benefit to the estate.

As to the first element, GMAC has conceded in its "Memorandum of GMAC in Support of Motion for Relief from Stay and Opposing Turnover of Collateral" that it is an entity as that term is defined by 11 U.S.C. § 101(14), (30). In addition, GMAC has possession, by its own admission, of the property in question here.

As to the second element of proof, this Court earlier held that the property in question here is necessary for an effective reorganization of the debtor. This Court is satisfied that this holding also satisfies the second element of proof that the property is property which the debtor may use pursuant to § 363. Section 363 refers to the property that the debtor may use in the ordinary course of business. For the purposes of § 542 here, the fact that the property is necessary for the debtor to get to and from work is sufficient to satisfy the requirement that the debtor may use the property pursuant to § 363.

Finally, as to the third element of proof that the property is of consequential value or benefit to the estate, this Court notes, without further discussion, that because the property is necessary for an effective reorganization of the debtor under its Chapter 13 plan that it does indeed have value and is of benefit to the estate.

Courts have often ordered the turnover of an automobile to Chapter 13 debtor in circumstances similar to those of the instant case. *In re Williams*, 6 B.R. 789 (Bkrtcy.E. D.Mich.1980). In *In re Williams*, it is significant to note that one reason the Court granted the turnover to the Chapter 13 debtor was "it is also foreseeable that Williams will be unable to propose or complete the Chapter 13 plan if deprived of the use of the vehicle." 6 B.R. at 792. *See also, In re Anderson*, 29 B.R. 563 (Bkrtcy.E.D.Va. 1983); *In re Brickel*, 11 B.R. 353 (Bkrtcy.D. Maine 1981); *In re King*, 14 B.R. 316

---

**2.** The Court's specific holding here does not mean that if the debtor acquires possession pursuant to his turnover complaint prior to confirmation GMAC is not entitled to adequate protection.

**3.** Section 1303 provides:

> ... the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title.

(Bkrtcy.M.D.Tenn.1981); *In re Barsky,* 6 B.R. 624 (Bkrtcy.E.D.Pa.1980).

As a final note the Court acknowledges that until recently a split of authority existed as to whether the debtor retained a sufficient interest in repossessed property upon which that debtor could obtain turnover pursuant to § 542. *Compare Cross Electric Co. v. United States,* 664 F.2d 1218, (4th Cir.1981) *with In re Whiting Pools, Inc.,* 674 F.2d 144 (2nd Cir.1982). This Court is satisfied that the United States Supreme Court's decision in *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), resolves this conflict between the circuits. In the opinion, the Court states that "while there are explicit limitations on the reach of § 542(a) none requires that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings". 103 S.Ct. at 2314. The court goes on to state that the right of adequate protection provided for in 11 U.S.C. § 363(e) replaces the protection afforded by possession. Therefore, the debtor herein had sufficient interest in the property upon which to base § 542 turnover complaint.

For the reasons discussed above, this Court should and will order that GMAC return possession of the property to the debtor. The Court will not, however, order such turnover without providing adequate protection to the creditor of his interest in the property. The debtor's "use of the vehicle pursuant to § 363(b) will presumably cause the value of the vehicle to decline." *In re Williams,* 6 B.R. at 792. This Court is satisfied, however, that if the debtor (1) procures adequate insurance on the property at the time of recovering possession and (2) makes monthly payments under the contract with GMAC until the time that a plan is confirmed, GMAC's interest in the subject property will be adequately protected and, therefore, the requirements of 11 U.S.C. § 361 and § 363(e) will be satisfied.