### In re McMANAMAN.
### No. 71401.

District Court, N. D. Illinois, E. D.
Dec. 15, 1941.

870

Seidner & Seidner, of Chicago, Ill., for trustee.

Charles B. Dunn and Paul C. Hodge, both of Chicago, Ill., for Federal Reserve Bank of Chicago.

James F. Curtis, of New York City, for Trustees of the Retirement System of the Federal Reserve Banks.

HOLLY, District Judge.

The question in this case is whether a certificate of membership of the bankrupt in the Retirement System of the Federal Reserve Bank is an asset of the bankrupt which should be turned over to the trustee in bankruptcy. The bankrupt in this case had been at the time of the filing of his petition herein, and still is an employee of the Federal Reserve Bank of Chicago. There has been set up by the Federal Reserve Banks a Retirement System which is a voluntary system organized under the provisions of a certain Declaration of Trust executed as of March 14, 1934, for the purpose of providing retirement, disability and death benefits for officers and employees of the various Federal Reserve Banks and the Federal Reserve Board.

The system is established on a contributing basis, the funds required to provide the retirement and other benefits are made up of contributions from the employees, the employing banks and the Board. All persons who are employees of the Federal Reserve Banks are required to be members of the retirement system as a condition of their employment and no person other than officers or employees of the banks may become a member. The business of the System is carried on and a greater part of its property is located in the City and State of New York where its offices are located. There are twenty-six Trustees of the System scattered throughout the United States, only two of whom are residents within this Judicial District. The system has no office in Illinois. Two of the Trustees reside in Illinois but do not function as such within the State of Illinois except to attend the annual meeting which is held at Chicago, Illinois.

The bankrupt has no custody or control of the money or funds of the System, and the only way in which he could obtain control or possession of his contributions to the System would be by severing and terminating his employment with the Federal Reserve Bank of Chicago and this he has not done. He has a certificate showing that he is a member of the System, but he could not transfer said certificate so as to make the transferee a member of the System or to enable the transferee to obtain any of the benefits or money unless he, the bankrupt, should terminate his employment.

The trustee in bankruptcy filed his petition herein setting up the membership of the bankrupt in the System, that as a member of such system he has been required to contribute funds to provide a cash fund annuity upon his retirement at the age of 65, that this contribution is deducted from his salary as his salary is paid and is credited to the individual account of the bankrupt. In addition to the foregoing, the Federal Reserve Bank of Chicago is required to contribute to the System monthly a certain percentage of its payroll of all members.

Under the rules of the System, the bankrupt, should he discontinue his employment or be discharged, is entitled to receive a lump sum equal to the full amount of his contribution with interest thereon but he cannot retire from the System or draw any money from it without discontinuing his employment.

It is alleged that the bankrupt has accumulated as contributions to the Retirement System the sum of $1,113.

The trustee in bankruptcy does not ask for or require any money to be paid to him from the System, but for an order directing the bankrupt to turn over the said certificate of membership in said Retirement System to be held as an asset of the estate of the bankrupt.

The trustees of the Retirement System are made parties to the petition, but in my opinion they are not proper parties and the petition should be dismissed as to them.

I am also of the opinion that the certificate is not an asset of the bankrupt which should be turned over to the trustee in bankruptcy. The bankrupt is not entitled at this time to receive any money from the Retirement System. He cannot become entitled to withdraw any money until either he quits his employment or becomes disabled. In the event of his death his estate will be entitled to certain payment. The certificate would be of no value to the trustee in bankruptcy, nor, at the present

time to any other person. If the bankrupt should withdraw from the System now, he would be entitled to certain monies, but the court may not order him to cease his employment for the benefit of the estate. If he continues in his employment, whatever may ultimately come to him, or his legal representatives upon his death, will be the result of contributions hereafter made as well as to those which have heretofore been paid into the System.

The certificate of membership in itself is not a document which has any value. It may be that at some time hereafter monies will be due from the System to the bankrupt. If this estate is still open at the time, it may be that the trustees may be entitled to receive that part of whatever may then be coming to him which had accrued at the time of the filing of the petition in bankruptcy, but there is nothing now for the court to act upon or order turned over to the trustee in bankruptcy.

The Referee in Bankruptcy who heard the petition of the trustee came to the same conclusion. An order approving the report of the Referee will be entered on December 15, 1941, at 10 o'clock A. M.