**In re ACE INDUSTRIES, INC., Debtor.**

**Bankruptcy No. NG 86–01568.**

United States Bankruptcy Court, W.D. Michigan.

Sept. 22, 1986.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

This matter is before the Court on a motion of the debtor for turnover of certain monies and property held by Grand Rapids Plastics, Inc., and/or Arthur J. Bott. For the reasons expressed below, the debtor's motion is denied.

A brief summary of the rather complicated facts in this case is necessary to understand the Court's order:

The debtor went into business with Arthur J. Bott ("Bott") in the early 1980's. At that time, Bott was a 49% share holder of the debtor, and the remaining 51% of the shares were owned by Dorie E. Reid ("Reid"). Ajay Industries, Inc., (a company owned by Bott) leased through a subsidiary certain equipment and tools to debtor which it had purchased from National Acceptance Company of America ("NAC"). NAC had acquired the equipment and tools when it foreclosed on a loan it had made to Consumer Products, Inc., (formerly owned

by Reid). This lease was eventually assigned to Bott personally.

Bott lost his interest in debtor when, after filing bankruptcy for himself and several of his companies, it was sold by the trustee to Reid. Reid is now a 100% shareholder of the debtor. Bott's leasehold interest survived the bankruptcy.

Debtor was in substantial default on the equipment lease in January of 1986. To cure the defaults, the parties entered into an agreement whereby Grand Rapids Plastics, Inc., ("GRP"), currently owned and operated by Bott, would service debtor's accounts on a subcontract basis. The agreement was that debtor's accounts receivable would be paid directly to GRP, GRP would make offsets for its costs and for the amounts due under the lease, and pay the remainder to debtor. The agreement expressly terminated the lease, and the equipment and tools were delivered to GRP.

Debtor filed for bankruptcy in mid 1986. At the time of filing, debtor was unhappy with GRP's performance under the subcontracting agreement. GRP was also unhappy with debtor and both parties are alleging various breaches of certain provisions of the agreement.

Debtor filed the instant motion in an attempt to get back the equipment and tools which were turned over to GRP, and to force GRP to pay certain funds due under the subcontracting agreement. Debtor proceeds against three separate categories of property: 1) the cash paid to GRP by the debtor's customers, 2) the equipment and tools turned over to GRP when the lease was terminated, and, 3) certain tools which belong to Reid personally and which were erroneously turned over to NAC when it foreclosed against the property of Consumer Products, Inc.

■ With respect to the first two categories, it is the Court's opinion that the debt-or's motion should have been brought as an adversary proceeding. This result is compelled by the comments to 11 U.S.C. § 542, which provide:

"Under Bankruptcy Rule 7001(1), a proceeding to recover money or property of the estate is an adversary proceeding governed by the Part VII rules."

See, also, *In Re Riding*, 44 B.R. 846, 11 C.B.C.2d 859 (Bankr.Utah 1984). Accordingly, debtor's motion is dismissed with instructions to file an appropriate complaint.[1]

■ With respect to the third category of property, the Court would rule that insofar as property held by GRP is owned by Reid personally, this Court has no jurisdiction to order turnover. This Court does not have jurisdiction over property which is not property of a bankruptcy estate.

An order will enter dismissing this motion. No costs to either party.

---

1. The debtor's action against GRP is really in the nature of a breach of contract action. What debtor seeks is rescission of the subcontract agreement and a reimposition of the lease agreement. This would entitle the debtor to possession and support its request for turnover.

The complicated factual issues associated with debtor's action, however, make an adversary proceeding indispensable. It is appropriate, therefore, that Rule 7001 requires an adversary complaint for the initiation of an action under § 542.