**In re TIMBERLINE ENERGY INC., Debtor.**

**Harold P. GOLDBERG, Trustee, Plaintiff,**

**v.**

**Robert M. WEICHERT, Defendant.**

**Bankruptcy No. 81–00522.
Adv. No. 86–0036.**

United States Bankruptcy Court,
N.D. New York.

Feb. 24, 1987.

to Fed.R.Bankr.P. 7003 (Fed.R.Civ.P. 3) against Robert M. Weichert ("Weichert"). On August 25, 1986, the Trustee moved for summary judgment pursuant to Fed.R. Bankr.P. 7056 (Fed.R.Civ.P. 56), and additionally sought to dismiss the affirmative defenses and counterclaim asserted by Weichert. In response, on September 11, 1986, Weichert moved for summary judgment on his counterclaim, and sought to dismiss the adversary complaint and underlying claim on various grounds.

Pursuant to 28 U.S.C. § 157(b)(3), the Court has determined on its own motion that the present adversary proceeding is not a core proceeding, but rather is one otherwise related to a case under Title 11 of the United States Code.[1] Consequently, pursuant to 28 U.S.C. § 157(c)(1), the Court submits the following proposed findings of fact and conclusions of law to the United States District Court for the Northern District of New York for entry of an appropriate final order or judgment.

### PROPOSED FINDINGS OF FACT

1. Timberline Energy, Inc. ("Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–151326, ("Code") on April 4, 1981. On September 10, 1982, an Order was entered converting the case to Chapter 7.

Goldberg, Harding & Talev, P.C. (Harold P. Goldberg, of counsel), Syracuse, N.Y., for plaintiff.

Robert M. Weichert, pro se.

MEMORANDUM–DECISION, PROPOSED FINDINGS OF FACT, PROPOSED CONCLUSIONS OF LAW AND PROPOSED ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On February 24, 1986, the Trustee commenced this adversary proceeding pursuant

2. The Trustee was appointed interim trustee of the Debtor's estate by Order of the Court dated September 10, 1982.

3. The Trustee was ordered to file a replacement bond to cover only funds and assets of the Debtor's estate by Order of the Court dated September 10, 1982.

4. On September 15, 1982, an Order was entered appointing Harold P. Goldberg as attorney for the Trustee.

5. On October 19, 1984, a Federal grand jury returned a seven count indictment against Weichert, Ivan T. Preslar, II, a/k/a

---

1. The Trustee recognizes the nature of the present proceeding as a "related proceeding" as evidenced by the representations contained in the Bankruptcy Cover Sheet filed with his adversary complaint.

Ivan T. Preslar ("Preslar"), Timberline Stoves Northeast, Inc., Adirondack Wood Stove Works, Inc., and Timberline East, charging them variously with bankruptcy fraud and related offenses in violation of 18 U.S.C. § 152 and § 371. *See United States v. Preslar*, 608 F.Supp. 986, 987 (N.D.N.Y.1985) (Munson, C.J.).

6. Weichert was alleged to have "engaged in a criminal conspiracy to conceal the assets of a bankrupt corporation [Debtor] by transferring its inventory, cash and other property to a separate and distinct solvent corporation." *Id.*

7. All acts contained in the indictment were alleged to have occurred between August 1, 1981 and October 1, 1981.

8. On May 31, 1985, Weichert, Adirondack Wood Stove Works, Inc., and Timberline East were convicted on all counts charged in the indictment. Memorandum and Order, *United States v. Weichert*, 84–CR–139, p. 1 (N.D.N.Y. Oct. 10, 1985) (MacMahon, J.). ("Memorandum") [Available on WESTLAW, DCTU database].

9. On August 15, 1985, Weichert was sentenced to a three-year jail term and five years probation to be served consecutively with the jail sentence. He was also fined $5,000.00, and ordered to pay $200,000.00 as restitution, "or such other amount as may be determined by the Probation Department." *Id.*, at 1–2.

10. Weichert surrendered to the United States Marshal on October 18, 1985 and was removed by the United States Bureau of Prisons from Syracuse, New York at that time. At all times material hereto, he has been incarcerated in a federal facility in Duluth, Minnesota.

11. The Trustee seeks judgment against Weichert in the amount of $200,000.00. The Trustee relies upon the Judgment and Probation/Commitment Order of the United States District Court for the Northern District of New York, *United States v. Weichert*, 84–CR–139 (N.D.N.Y. Aug. 5, 1985) (MacMahon, J.) and 18 U.S.C. § 3579 as grounds for such relief.

12. Weichert, in an Amended Answer filed March 27, 1986, denies all of the Trustee's allegations. For affirmative defenses to the Trustee's adversary complaint, Weichert alleges 1) that the Court lacks jurisdiction to hear and determine the action; 2) improper venue; 3) insufficient process; 4) insufficient service of process; 5) that the action is barred by laches and/or a statute of limitations; 6) that another action is pending for the same relief; and 7) that Preslar is an indispensable party who must be joined to this proceeding pursuant to Fed.R.Bankr.P. 7019 (Fed. R.Civ.P. 19). As a counterclaim, it is alleged the adversary proceeding has been commenced by the Trustee in his individual capacity in furtherance of a malicious scheme to harm Weichert.

13. The Trustee alleges summary judgment is appropriate as the adversary complaint is based solely upon the Memorandum, as well as the provisions of 18 U.S.C. § 3579.

14. Weichert contends 18 U.S.C. § 3579 and § 3580 are not applicable. He questions the Trustee's capacity to bring the action as most of the actions underlying the criminal conviction preceded the Trustee's appointment.

## PROPOSED CONCLUSIONS OF LAW

### 1. JURISDICTION

■ The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and (c)(1). The United States District Court for the Northern District of New York has jurisdiction pursuant to 28 U.S.C. § 1334. Weichert's assertion that the Court lacks subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(h)(3) is without merit.

### 2. TRUSTEE'S CAPACITY TO COMMENCE ACTION

■ Code § 704(1) provides that a Trustee is required to "collect and reduce to money the property of the estate for which such trustee serves." Code § 541 broadly defines property of the estate, with every interest of the debtor becoming part of estate assets. H.R.Rep. No. 595, 95th Cong., 1st Sess. 368–67, *reprinted in* 1978

U.S.Code Cong. & Ad.News 5787, 5963, 6323–24 ("House Report"); S.Rep. No. 989, 95th Cong., 2d Sess. 82–3, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5868–69 ("Senate Report"); *Matter of Ross,* 18 B.R. 364, 367 (N.D.N.Y.), *aff'd Regan v. Ross,* 691 F.2d 81 (2d Cir.1982). Property of the estate necessarily includes all causes of action belonging to the debtor at the time the case is commenced. House and Senate Reports, *supra.*

As the Trustee is the representative of the bankruptcy estate, Code § 323(a), he is charged with the responsibility of acting at all times to advance its interests.[2] In so doing, and at the same time fulfilling the mandatory obligations imposed upon him by Code § 704, the trustee must institute litigation whenever it is necessary for collecting or reducing causes of action to money assets. *In re Meadows, Williams & Co.,* 181 F. 911, 912 (W.D.N.Y.1910); Code § 323(b). Indeed, the trustee is bound to exercise "due diligence" in the discharge of his duties under the Code. *See, In re Reinboth,* 157 F. 672, 674 (2d Cir.1907).

The Trustee herein has done nothing more than commence an adversary proceeding against Weichert based upon a criminal sentence which included an order of restitution payable to the Debtor's bankruptcy estate. The Trustee is clearly the appropriate party to commence such an action, and Weichert's assertions to the contrary are groundless.

### 3. SERVICE OF PROCESS/INSUFFICIENT OF PROCESS

■ Fed.R.Bankr.P. 7004 controls the service of bankruptcy summons and adversary complaints. Subdivision (b)(1) thereof authorizes service by first class mail postage prepaid upon an individual other than an infant or incompetent by mailing a copy of the summons and complaint to the person's dwelling house or usual place of abode. If service of the summons and complaint are to be made by mail, then these documents must be deposited in the mail not more than ten days following the issuance of the summons. Fed.R.Bankr.P. 7004(f).

The Trustee filed his adversary complaint on February 24, 1985, and on that same date, the Bankruptcy Clerk's office issued the summons. The affidavit of service filed by the Trustee pursuant to Fed. R.Bankr.P. 7004 (Fed.R.Civ.Pro. 4(g)) reveals the summons and adversary complaint were mailed to Weichert on February 25, 1986. The address to which the documents were mailed is the same as that used by Weichert on all documents he has filed with the Bankruptcy Court during the course of this adversary proceeding.

Consequently, Weichert's affirmative defenses based upon insufficiency of process and improper service of process are without merit.

### 4. VENUE

■ 28 U.S.C. § 1409 provides:
(a) except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

Subdivision (b) requires the Trustee to commence actions in the district court where the defendant resides if the proceeding seeks to recover a money judgment or property valued within limits not relevant herein. Subdivision (d) concerns claims arising from operation of the debtor's business *after* commencement of the case, and is equally inapplicable.

Pursuant to 28 U.S.C. § 157(a), the District Court for the Northern District of New York has referred all proceedings arising under Title 11 or arising in or relat-

---

**2.** "It may be safely said ... that if a trustee bears in mind that he is the representative of the estate considered as a whole, is bound to be vigilant and attentive in advancing its interests, and is under obligation to seek to carry out in the strictest good faith the provisions of the Bankruptcy Act, where they seem to apply plainly to the estate committed to his charge, he is not likely to go far wrong in doing, or in refusing to do, what may be asked of him by the creditors." *Matter of Baird,* 112 F. 960 (E.D.Pa. 1902).

ed to a case under Title 11 to the bankruptcy judges of the district. *In re Procedure for the Handling of Cases Under and Proceedings Arising In or Related to a Case Under Title 11, U.S.C.,* Order (N.D. N.Y. July 20, 1984) (Munson, C.J.). The two Bankruptcy Judges sitting within the Northern District of New York have concurrent jurisdiction throughout the district, yet cases are assigned based upon the county wherein a debtor is domiciled, resides, conducts its principal place of business, or in which its principal assets are located. *See* 28 U.S.C. § 1408(1).

The Debtor's principal place of business, and the locale of its principal assets, is Onondaga County. Cases from this county have been assigned to the Court. Consequently, the Trustee has properly commenced the adversary proceeding with the proper Bankruptcy Court Judge within the Northern District of New York, and Weichert's affirmative defense as to venue is baseless.

5. APPLICABILITY OF 18 U.S.C. § 3579 AND § 3580

■ The Trustee has reiterated that his adversary complaint is based solely upon 18 U.S.C. § 3579, specifically subdivision (h) thereof. Enacted as part of the Victim and Witness Protection Act of 1982, Pub.L. No. 97–291, § 5(a), 96 Stat. 1248, 1253–55, 18 U.S.C. §§ 3579 and 3580 were intended "to provide district courts with broad powers to make victims whole." *United States v. Ferrera,* 746 F.2d 908, 913 (1st Cir.1984). For example, subdivision (h) of 18 U.S.C. § 3579 indicates that

> An order of restitution may be enforced by ... a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.

Yet, neither 18 U.S.C. § 3579 or § 3580 is effective with respect to offenses which occurred *prior to* January 1, 1983. Concerning such offenses, a district court could require restitution as a special condition of probation by ruling upon 18 U.S.C. § 3651. This section governs restitution awards "to aggrieved parties for actual damages or loss caused by the offense for which conviction was had ...".

Weichert was convicted for offenses which took place in 1981. The Court believes that in ordering restitution pursuant to 18 U.S.C. § 3651, the District Court was required to set forth certain factual findings regarding the crimes, and display the requisite "causal connection" between the evidence adduced at trial, and the ultimate award of restitution in the judgment. *See United States v. Ferrera, supra,* 746 F.2d at 913–14.

As indicated, the Trustee's adversary complaint is based solely upon the provisions of a statute which is inapplicable to these proceedings. Thus, the adversary complaint must be dismissed. However, the Court believes the Trustee may properly proceed against Weichert in a future adversary proceeding, and attempt to establish the appropriate amount of Weichert's obligation to the estate. The Court does not intend to sit at a later date and review the factors which led Judge MacMahon to set the restitution amount as he did. Such review and consideration is more appropriately within the purview of an appellate court. Yet absent some proof substantiating the restitution award, the Court is unable to enter judgment as requested by the Trustee. While entry of judgment on the Trustee's behalf based upon 18 U.S.C. § 3579 is inappropriate, this does not mean the Court is without authority to entertain, at a later date, an attempt by the Trustee to advance the interests of the estate as is required of him by law.

PROPOSED ORDER

As a consequence of the foregoing, the Court believes the adversary complaint of the Trustee is to be dismissed, without prejudice. Because of the dismissal, the other issues raised by Weichert and not addressed above, are best considered by the Court should the Trustee see fit to pursue the matter further.

IT IS SO PROPOSED.