## In re GOLD LEAF CORPORATION, Debtor.

Bankruptcy No. 86–07265.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

May 14, 1987.

N. Sanders Sauls, and C. Edwin Rude, Jr., Tallahassee, Fla., for debtor.

Mark D. Hildreth, Tallahassee, Fla., and Jeffrey Marks, Cincinnati, Ohio, for Hamilton Projects.

## ORDER ON MOTION TO STRIKE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was brought on for hearing on the debtor in possession's Application to Compel Custodian and Turnover Property of the Estate directed at Hamilton Projects, Inc. and the motion filed by Hamilton Projects, Inc. for an order striking and dismissing the debtor-in-possession's application. The basis asserted in the motion to strike filed by Hamilton Projects, Inc. (Hamilton) is that it is not a custodian within the meaning of § 543 of the Bankruptcy Code (11 U.S.C. § 543) and that accordingly the relief sought by the debtor-in-possession can only be obtained through an adversary proceeding initiated in accordance with Bankruptcy Rule 7001 *et seq.* rather than by application under Bankruptcy Rule 6002.

## SUMMARY OF FACTS

The debtor-in-possession, Gold Leaf Corporation (Gold Leaf) filed its petition for relief under Chapter 11, Title 11, U.S.C. on December 23, 1986. The business of Gold Leaf involves the marketing under a license agreement with the Statute of Liberty—Ellis Island Foundation, Inc. (Foundation) of merchandise containing or fabricated from scrap materials derived from the renovation of the Statute of Liberty and Ellis Island. Under such license agreement with the Foundation, Gold Leaf was entitled to purchase and own the materials referred to in this case as "Authentic Materials" and to effect retail sales using the Foundation's name and logo.

Gold Leaf and Hamilton entered into an agreement under which Hamilton was to serve as an intermediary and escrow holder for Gold Leaf in connection with a retail program with Sears, Roebuck and Company (Sears) relating to the sale of merchandise containing the Authentic Materials. Pursuant to the terms of the agreement between Gold Leaf and Hamilton, Hamilton coordinated production by various manufacturers of the merchandise and the marketing program with Sears. Hamilton received all purchase orders from Sears and forwarded the orders to the appropriate manufacturers who in turn manufactured the merchandise and delivered it directly to Sears for marketing. The manufacturers invoiced Hamilton for the finished product which in turn invoiced Sears.

The proceeds from the sales by Sears were then to be transferred by Sears to an operating account maintained by Hamilton. It is the funds that were in this specific account that are the subject of the instant motions. The agreement required that all monies due to the various manufacturers were to be disbursed from the operating account upon the instruction of Hamilton. Hamilton was also obligated under the agreement to make certain royalty payments due to the Ellis Island Foundation and was further entitled to reimburse itself for actual expenses incurred in connection with the program and to pay itself a fee of $50,000 for services related to the program. Once the foregoing disbursements were made, all remaining net profits were to be deposited in a separate escrow account controlled by Gold Leaf and the Foundation.

The issue presented here is whether Hamilton under the foregoing arrangement, is or was at the time the petition was filed initiating this Chapter 11 case, a custodian of this operating account, the property of Gold Leaf, and thus subject to the requirements of § 543 of the Bankruptcy Code. If Hamilton is not such a custodian, then the application filed by the debtor is not the proper method for obtaining the funds, and such relief is appropriate only in the context of an adversary proceeding. *In re Ace Industries, Inc.*, 65 B.R. 199 (Bkrtcy.W.D.Mich.1986); *In re Riding*, 44 B.R. 846 (Bkrtcy.D.Utah 1984); *Matter of L.G. Edwards Farm, Inc.*, 30 B.R. 842 (Bkrtcy.E.D.Mo.1983); *In re Lionel Corporation*, 23 B.R. 224 (Bkrtcy.S.D.N.Y. 1982); *In re Carla Charcoal, Inc.*, 14 B.R. 644 (Bkrtcy.W.D.La.1981).

## DISCUSSION

Section 101(10) of the Bankruptcy Code defines "custodian" as:

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;

(B) assignee under a general assignment for the benefit of the debtor's creditors; or

(C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors;

There is no assertion by Gold Leaf that subparagrahs (A) or (B) of the foregoing definition are applicable in this case. It is clear that Hamilton has not been appointed as a receiver or trustee in any case or proceeding, and it is not an assignee under a general assignment for the benefit of Gold Leaf's creditors. It is Gold Leaf's contention that Hamilton is an "agent ... under a contract, that is appointed or authorized to take charge of property of the debtor ... for the purpose of general administration of such property for the benefit of the debtor's creditors" and thus falls under subparagraph (C) in the definition of a custodian. Hamilton, on the other hand asserts that its agreement with Gold Leaf does not authorize or require Hamilton to generally administer the debtor's property for the benefit of Gold Leaf's creditors.

The term "custodian" normally refers to entities who have been authorized to liquidate or otherwise take charge of a debtor's property for the benefit of a general body of creditors. *The Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir. 1985), *cert. denied sub nom., Fryzel v. Cash Currency Exchange, Inc.*, — U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). This definition is broad and includes third parties who have taken charge of the debtor's assets for the general benefit of creditors. Furthermore, it appears that a custodian is primarily concerned with the pre-petition liquidation of a debtor's property or the protection of creditor's rights. *Matter of Kennise Diversified Corp.*, 34 B.R. 237, 244–45 (Bkrtcy.S.D.N.Y.1983).

Gold Leaf has cited several cases to support its position that an entity does not have to be concerned with the liquidation of a debtor's property or its estate to qualify as a custodian within the definition of § 101(10). These cases do not support a conclusion that the operational type of agreement present in this case gives rise to a custodianship. *In re Pride Foods, Inc.*, 22 B.R. 356 (Bkrtcy.D.Neb.1982) involved a secured creditor which had taken possesion of vehicles for its own benefit upon the debtor's default. There the Court held that the creditor did not qualify as a custodian, following *In re Lewis*, 12 B.R. 106 (Bkrtcy. M.D.Ga.1981), aff'd, 679 F.2d 821 (11th Cir.1982). *In re Brown*, 734 F.2d 119 (2nd Cir.1984) involved surplus funds from a foreclosure sale of the debtor's property, which funds were held by the County Comissioner of Finance "for the benefit of interested parties" in accordance with New York law. The Court held that the Commissioner was a custodian within the meaning of § 101(10) of the Bankruptcy Code since it had received the funds "for the benefit of interested parties." The Commissioner was, in effect, a "trustee ... appointed in a case not under this title" (Title 11).

In the case of *In re Metropolitan Adjustment Bureau*, 22 B.R. 67 (BAP 9th Cir.1982) the Court held that a conservator appointed in a state administrative proceeding to operate the business of the debtor, a collection agency, was a custodian and was required to turnover the debtor's assets to the trustee in bankruptcy. The bases for the appointment were the insolvency of the debtor, its failure to pay sums due to customers, and misappropriation of trust funds by the debtor. In discussing the nature of a custodian, the Court noted that "[a] 101(10) type 'custodian' normally controls all assets of the debtor." Id. at p. 70. There, the conservator was, in fact, administering virtually all of the debtor's assets for the general protection of its creditors.

The case of *Gassen v. Universal Building Materials*, 69 B.R. 638 (Bkrtcy.M.D.

Fla.1987) does not involve the custodian issue at all, but instead deals with the question of whether or not funds placed in an escrow account are property of the estate.

■ In reviewing all of the cases cited by both Hamilton and Gold Leaf several conclusions can be reached with respect to what is and what is not a custodian. The Court agrees that the definition should be broad and not limited merely to a pre-petition liquidator of the estate. However, in virtually all of the cases in which the issue arises, the "custodian" or alleged custodian took possession of assets of a distressed entity for the express purpose of preserving those assets for the benefit of creditors. The rationale behind § 543 of the Code in those cases appears to be that the trustee in bankruptcy rather than the custodian is the proper person to effect the preservation and liquidation of the debtor's estate.

■ In the case before the Court, the agreement between Gold Leaf and Hamilton did not arise in a distress situation nor does it contemplate a liquidation of the debtor's assets for the benefit of creditors. The arrangement was made to facilitate an ongoing operation from which the debtor expected to reap great profits. The arrangement was intended to provide a method for insuring that the direct costs of sales were paid before any gross profits were remitted to the debtor. It was only after Hamilton relinquished all control over the funds and they were placed in the escrow account controlled by Gold Leaf and the Foundation that they were to be applied to servicing Gold Leaf's debts.

There has been argument advanced by Hamilton that the manufacturers are not even creditors of Gold Leaf, but rather Hamilton has the direct contractual relationship with them. Gold Leaf asserts that they are creditors. Regardless of which entity has direct contracts with the manufacturers, the manufacturers are intended beneficiaries of the agreement between Gold Leaf and Hamilton and thus entitled to enforce claims for payment against either. They should, therefore, be considered creditors of Gold Leaf. However,

this fact is not sufficient to bring Hamilton under the definition of a custodian. The protection of the interests of a limited number of creditors with an ongoing business relationship with the debtor cannot be equated with the "general administration of such property for the benefit of the debtor's creditors."

## CONCLUSION

Based upon the foregoing, the Court finds that Hamilton is not a custodian of the debtor's property within the definition of § 101(10) of the Bankruptcy Code and thus the summary procedure for turnover under Bankruptcy Rule 6002 is not the appropriate method for seeking recovery of funds in possession of Hamilton. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1) the Motion to Strike filed by Hamilton Projects be, and it hereby is, granted.

2) Any proceedings for the recovery of property from Hamilton Projects, Inc. shall be initiated in accordance with the provisions of Bankruptcy Rule 7001, *et seq.*