In the Matter of Thomas J. PERKINS, Jr., Debtor–Appellant,

and

Appeal of TEACHERS' RETIREMENT SYSTEM of the STATE of ILLINOIS, Intervening Appellant.

No. 88–3312.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1990.
Decided May 22, 1990.

---

**5.** Joiner does not contend his time served was not counted for reparole guideline purposes.

Thomas F. Howard, Bloomingdale, Ill., for defendants-appellees.

Lewis S. Rosenbloom, Gregory J. Malovance, Karen M. Gebbia, and David B. Love, Winston & Strawn, Chicago, Ill., for intervenor.

William A. Lester, Lombard, Ill., and David Grochocinski, Grochocinski & Grochocinski, Palos Hills, Ill., for debtor-appellant.

Before BAUER, Chief Judge, and WOOD, Jr., and KANNE, Circuit Judges.

BAUER, Chief Judge.

This case is before us on appeal from the district court's decision reversing the order of the bankruptcy court. Appellees Olga and James Rouka (the "Roukas"), creditors of Thomas Perkins, Jr. ("Perkins"), filed a motion in the bankruptcy court requesting that the Teachers' Retirement System of the State of Illinois ("TRS") turn over Perkin's pension fund account to the bankruptcy trustee. The Roukas, however, never served TRS with notice of the motion. Finding that the pension account was not property of the estate, pursuant to the 11 U.S.C. § 541(c)(2) spendthrift trust exclusion, the bankruptcy court denied the Roukas' motion. The district court disagreed with the bankruptcy court's conclusion and reversed. Perkins appealed. TRS sought, and was granted, leave to intervene in the appeal. For the following reasons, we va-

cate the orders of the district court and the bankruptcy court.

## I.

TRS is a retirement trust established under Article 16 of the Illinois Pension Code to provide, *inter alia,* retirement annuities and other benefits for school teachers employed in public school systems throughout Illinois, outside of the city of Chicago. Ill. Rev.Stat. ch. 108½, § 16–101. Membership in TRS is mandatory and a condition of employment with the Illinois public school system. Ill.Rev.Stat. ch. 108½, §§ 16–106, 16–123. Employee contributions to TRS are based upon a percentage of, and are deducted from, their salaries. The state of Illinois is required to make "employer contributions" to TRS out of state revenues.

All employee and employer contributions to TRS are owned by TRS and are held in one commingled fund (the "Fund"). Ill. Rev.Stat. ch. 108½, §§ 16–179, 16–197. For accounting purposes only, TRS establishes a "members' contribution reserve," to which employee (but not employer) contributions are credited. Ill.Rev.Stat. ch. 108½, §§ 16–182, 16–197. Generally, an employee or employee's dependent cannot reach his or her contributions other than in event of retirement or death. Ill.Rev.Stat. ch. 108½, § 16–182(d). Employee contributions may be refunded, however, without interest, upon demand made by a member not less than four months after termination of the member's employment for reason other than death or retirement. Ill.Rev. Stat. ch. 108½, § 16–151. Refunds to members who remain employed as teachers in the Illinois public schools are prohibited. *Id.*

No person, group or entity has any right in or to the Fund other than to an undivided interest in the whole. Ill.Rev.Stat. ch. 108½, § 16–197. Moreover, the right of any person to receive any benefit, or refund of contributions, and all other rights under Article 16 are exempt from attachment, garnishment, execution or seizure and are not assignable. Ill.Rev.Stat. ch. 108½, § 16–190. *See also* Ill.Rev.Stat. ch. 110, § 12–704.

On August 13, 1985, Thomas Perkins, Jr. filed a voluntary petition for bankruptcy under chapter 7 of the United States Bankruptcy Code. Perkins was at the time of filing, and still is, a full-time teacher in the Bloomingdale, Illinois public school system and a member of TRS. At the time of filing, credits to Perkins' TRS member reserve account (the "Account") amounted to approximately $25,000.

On June 6, 1988, James and Olga Rouka, creditors of Perkins, filed a motion in the bankruptcy court seeking an order requiring the Administrator of TRS to turn over the funds in Perkins' TRS Account to Perkin's trustee in bankruptcy. The Roukas contended that the funds in Perkins' Account were "property of the estate" under 11 U.S.C. § 541(a)(1). Despite being the subject of the proposed action, TRS was never served with notice of this motion.

■ On September 5, 1988, the bankruptcy court denied the Roukas' motion for turnover. The court reasoned that Perkins' TRS account was not subject to turnover because the TRS plan qualified as a spendthrift trust excluded from the Bankruptcy Code's definition of "property of the estate" under section 541(c)(2) of the Bankruptcy Code. 11 U.S.C. § 541(c) (1978).[1] The Roukas appealed the denial to the district court. The district court reversed, reasoning that, because Perkins could ob-

---

**1.** Under the Code, the debtor's estate is "comprised ... of all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In general, property becomes part of the debtor estate regardless of any restrictions which may have been placed on its transfer. 11 U.S.C. § 541(c)(1). Section 541(c)(2), however, creates an exception to this general rule, providing that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforce-

able under applicable nonbankruptcy law is enforceable." The legislative history of § 541(c)(2) indicates that Congress enacted the provision in order to exempt spendthrift trusts from the debtor's estate. S.Rep. No. 95–989, 95th Cong., 2nd Sess. 83 (1978), reprinted in 1978 U.S.Code Cong. & Admin. News, 5787, 5869; H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 369 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5963, 6325.

tain a refund of his contributions by resigning his employment, the TRS plan was not a true spendthrift trust and was therefore property of Perkins' bankruptcy estate.[2]

In late November 1988, TRS received a letter from the chapter 7 trustee demanding that TRS turn over the funds in Perkins' Account to the trustee. This letter was the first notice that TRS received of the turnover proceedings. On November 28, Perkins filed a timely notice of appeal and soon thereafter, TRS filed a motion to intervene as of right, which this court granted.

## II.

On appeal, Perkins contends the district court erred in concluding that the TRS Account did not qualify as a spendthrift trust under Illinois law. He cites to Illinois Public Act No. 86–393, enacted August 28, 1989, which amended the Illinois Code of Civil Procedure by adding a new paragraph 12–1006. In the part relevant to Perkins' appeal, paragraph 12–1006(c)(ii) provides: "[a] retirement plan that is ... a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois." Ill.Rev.Stat. ch. 110, § 12–1006(c)(ii) (1989). Perkins therefore asks this court to conclude that his TRS Account is a spendthrift trust not subject to turnover and reverse the order of the district court.

TRS also makes the above argument. In addition, TRS contends that the Roukas' failure to join TRS as an indispensable party and the real party in interest in the turnover proceedings deprived TRS of its due process rights under the Fourteenth Amendment. TRS further submits that the Roukas do not have standing to bring a turnover action and that the action was improperly commenced by motion rather than by complaint. TRS therefore asks this court to vacate the orders of the district court and the bankruptcy court.

We do not reach the merits of this appeal because we agree with TRS that this action is not properly before this court. The Roukas were not the proper party to prosecute this action and the action was improperly commenced by motion.

Section 704(1) authorizes and obligates the *trustee* to collect and reduce to money the property of the estate for which such trustee serves. 11 U.S.C. § 704(1). *See also* 11 U.S.C. § 323 (the trustee is the representative of the estate and has the capacity to sue and be sued). The authority to collect the debtor's assets is vested exclusively in the trustee. *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1342 (7th Cir.1987); *Begier v. Price Waterhouse*, 81 B.R. 303, 304 (E.D.Pa.1987); *Goldberg v. Weichert (In re Timberline Energy, Inc.)*, 70 B.R. 450, 452–53 (Bankr.N.D.N.Y.1987); *Na-*

---

**2.** To determine whether a trust qualifies as a spendthrift trust under Illinois law, courts examine the following characteristics: (1) whether the trust restricts the beneficiary's ability to alienate and the beneficiary's creditors' ability to attach the trust corpus; (2) whether the beneficiary settled and retained the right to revoke the trust, and (c) whether the beneficiary has exclusive and effective dominion and control over the trust corpus, distribution of the trust corpus and termination of the trust. *See, e.g., Christison v. Slane (In re Silldorff)*, 96 B.R. 859, 864 (C.D.Ill.1989). The degree of control which a beneficiary exercises over the trust corpus is the principal consideration under Illinois law. *Id.*

The district court found that the Account did not qualify as a spendthrift trust because the beneficiary could access the Account by quitting his or her job, citing *In re Dagnall*, 78 B.R. 531, 534 (Bankr.C.D.Ill.1987); *In re Sundeen*, 62 B.R.

619, 620 (Bankr.C.D.Ill.1986); *In re Werner*, 31 B.R. 418, 421 (Bankr.D.Minn.1983). *See also In re Swanson*, 873 F.2d 1121 (8th Cir.1989).

Numerous other courts, however, have found that where the only control which a beneficiary has over any portion of a trust's assets is by virtue of terminating his or her employment, the trust qualifies as a true spendthrift. *In re McManaman*, 50 F.Supp. 869, 871 (N.D.Ill.1941); *Crews v. Colvin (In re Colvin)*, 81 B.R. 679, 681 (Bankr.M.D.Fla.1988); *In re Zabelski*, 81 B.R. 89, 90 (Bankr.N.D.Fla.1988); *In re Richardson*, 75 B.R. 601, 605 (Bankr.C.D.Ill.1987); *In re Matteson*, 58 B.R. 909, 911 (Bankr.D.Colo.1986); *Gennet v. ICMA Retirement Corp. (In re Forbes)*, 65 B.R. 58, 59 (Bankr.S.D.Fla.1986); *Tambay Trustee, Inc. v. Florida Progress Corporation (In re Lawson)*, 67 B.R. 94, 98 (Bankr.M.D.Fla.1986); *In re Wiggins*, 60 B.R. 89, 95 (Bankr.N.D. Ohio 1986); *Bentz v. Sawdy (In re Sawdy)*, 49 B.R. 383 (Bankr.W.D.Pa.1985).

*tional Equipment & Mold. Corp. v. Apollo Tire Co., Inc., (In re National Equipment & Mold. Corp.),* 60 B.R. 133, 135 (Bankr.N.D.Ohio 1986); *Durham v. Yancey (In re Yancey),* 46 B.R. 621, 623 (Bankr.E.D.Pa.1985). A trustee may be divested of this exclusive authority only in narrow circumstances. When (a) the trustee unjustifiably refuses a demand to pursue the action; (b) the creditor establishes a colorable claim or cause of action; and (c) the creditor seeks and obtains leave from the bankruptcy court to prosecute the action for and in the name of the trustee, then may an individual creditor or creditors' committee prosecute an action originally vested in the trustee. *Louisiana World Esposition v. Federal Insurance Company,* 858 F.2d 233, 247 & n. 14 (5th Cir.1988); *Koch Refining,* 831 F.2d at 1346–47 & n. 9.

None of these prerequisites were met prior to the filing of the motion by the Roukas. When a third party tries to assert an action still vested in the trustee, the court should dismiss the action. *Pierson & Gaylan v. Creel & Atwood (In re Consolidated Bancshares, Inc.),* 785 F.2d 1249, 1253–54 (5th Cir.1986); *Mitchell Excavators, Inc. v. Mitchell,* 734 F.2d 129, 131–32 (2nd Cir.1984).

 Even if the Roukas had established standing, their claim would fail on procedural grounds. A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint. Bankruptcy Rule 7001. *In re Interpictures, Inc.,* 86 B.R. 24, 29 (Bankr. E.D.N.Y.1988); *In re Gold Leaf Corp.,* 73 B.R. 146, 147 (Bankr.N.D.Fla.1987); *In re Ace Industries, Inc.,* 65 B.R. 199, 200 (Bankr.W.D.Mich.1986); *In re Riding,* 44 B.R. 846, 858 (Bankr.D.Utah 1984). The Roukas, however, entered the matter by filing a motion. A turnover proceeding commenced by motion rather than by complaint will be dismissed, *Interpictures,* 86 B.R. at 29; *Gold Leaf,* 73 B.R. at 149; *Ace,* 65 B.R. at 200; and a turnover order entered in an action commenced by motion will be vacated. *Riding,* 44 B.R. at 859.

 The Roukas concede that they do not have standing to prosecute the action and that it should have been commenced by complaint. They ask, however, that we treat their motion not as a request for a turnover of assets, but rather as something akin to a request for a declaratory judgment that Perkins' TRS Account is, in fact, property of the estate. They cite no authority for their unique proposition that the bankruptcy court in the first instance would have the power to decide as an academic matter whether certain property constitutes property of a bankrupt estate. TRS submits that such a declaratory action would violate the case and controversy requirement of the Constitution. U.S. Const., Art. III, § 2. We agree. A declaration that certain property belongs in the bankruptcy estate would not be dispositive in many cases; such property may be immune from turnover. *See, e.g.,* 11 U.S.C. § 542 (property at issue of inconsequential value to the estate); *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948) (impossibility); *In re World Communications, Inc.,* 72 B.R. 498 (D.C.Utah 1987) (trustee must be able to show adequate protection before compelling turnover from party with a security interest in the property); *Acolyte Electric Corp. v. New York,* 69 B.R. 155 (Bankr.E.D.N.Y.1986) (property must be identifiable); *In re De Berry,* 59 B.R. 891 (Bankr.E.D.N.Y.1986) (turnover may be barred by laches); *In re FLR Co.,* 58 B.R. 632 (Bankr.W.D.Pa.1985) (property may be subject of legitimate dispute). Thus, the determination of whether certain property belongs to the estate should not be made outside of a specific controversy, such as a turnover action.

### III.

Because the Roukas do not have standing to prosecute a turnover action and the action was improperly commenced by motion rather than complaint, we VACATE the orders of the district court and the bankruptcy court.

SO ORDERED.