51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Clarence B. JACKSON, Debtor/Appellant.
 No. 94-2231.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 7, 1995.
Rehearing Denied May 2, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Clarence B. Jackson appeals the district court's order affirming a bankruptcy court decision which dismissed Jackson's bankruptcy, denied confirmation of Jackson's reorganization plan, and denied various motions made by Jackson. We affirm.
 
 
 2
 In December 1989, Jackson filed the first in a series of petitions for bankruptcy. He filed three under Chapter 13 of the Bankruptcy Code, all of which were dismissed. Jackson's fourth petition, under Chapter 7 of Bankruptcy Code, resulted in a discharge of bankruptcy. In October 1993, Jackson filed his fifth petition, under Chapter 13, the dismissal of which forms the basis for this appeal.
 
 
 3
 Jackson filed twelve motions in the bankruptcy court and submitted a reorganization plan in which Jackson proposed to pay back certain debts that he owed at a fixed rate. The twelve motions named various corporations, entities, individuals, and government agencies and sought redemption of his assets, personal injury damages, orders of contempt, discovery orders, and an injunction of a state court proceeding. The bankruptcy court denied all twelve motions, finding that Jackson had either failed to state a claim under the Bankruptcy Code or that the bankruptcy court lacked jurisdiction over the claims. The bankruptcy court also denied confirmation of Jackson's reorganization plan and dismissed his bankruptcy petition: because Jackson's petition lacked good-faith required under 11 U.S.C. Sec. 1325(a)(3). The district court affirmed the bankruptcy court's decision and adopted its reasoning. Jackson now appeals.
 
 
 4
 On appeal, Jackson does not dispute any of the bankruptcy court's findings. Any claim that the bankruptcy court was in error has, thus, been waived. Hartmann v. Prudential Ins. Co., 9 F.3d 1207, 1214 (7th Cir.1993). Instead, Jackson argues that the case should be remanded to the district court for consolidation with another case that he has filed, and set for a jury trial on the claim of "civil conspiracy." Jackson argues that he is owed money damages for the actions of the various parties named in his motions to the bankruptcy court.
 
 
 5
 Jackson accuses each of the named parties, including the United States Government, of various tortious and criminal conduct unrelated to the bankruptcy decision; including conversion, slander, stalking, attempted murder, and theft. Jackson argues that this conduct, taken together, constitutes a "civil conspiracy" to deprive Jackson of his property and cause him personal injury in violation of state and federal law.[1] Jackson alluded to this conspiracy in his brief before the district court, claiming that a national conspiracy had injured him in violation of 42 U.S.C. Sec. 1985. (R. at Document 5, page 13).
 
 
 6
 Even assuming that Jackson is attempting to bring an action under 42 U.S.C. Sec. 1985, the claim is without merit. Jackson initiated this case in bankruptcy court, where an adversarial proceeding such as this must be commenced by a properly filed and served complaint. Bankruptcy Rule 7001; In re Perkins, 902 F.2d 1254, 1258 (7th Cir.1990). Likewise, a lawsuit brought in the district court must be commenced by a properly filed complaint. Fed.R.Civ.P. 3. Jackson has not filed a complaint in this case. Accordingly his claim for damages arising from a "civil conspiracy" must be dismissed.
 
 
 7
 Jackson has offered no argument as to why the findings of the bankruptcy court and district court are in error. Accordingly, the decision of the district court, denying Jackson's motions, denying his Chapter 13 reorganization plan, and dismissing his bankruptcy is affirmed. Teacher Retirement Systems of Texas (TRS) and Decatur School District, No. 61, ask us to sanction Jackson for pursuing a frivolous appeal. An appeal is frivolous when "the result is foreordained by the lack of substance to the appellant's arguments." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989) (en banc). Although we reserve the discretion to withhold sanctions, Colosi v. Electri-Flex Co., 965 F.2d 500, 504 (7th Cir.1992), in this case, the substance of the appeal is clearly frivolous and we conclude that sanctions are appropriate. Pursuant to Circuit Rule 38, Jackson shall have 15 days to submit to this Court any reasons why sanctions should not be imposed. TRS and Decatur School District shall submit to this Court, also within 15 days, documentation of its expenses reasonably incurred in defending against this appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Jackson's brief is unclear, the alleged actions constituting "civil conspiracy" appear to be as follows: The Houston Independent School District has failed to pay Jackson worker's compensation or allow him to return to work; the Teacher Retirement Systems of Texas has improperly removed Jackson from its pension fund; Soy Capital Bank has engaged in malicious prosecution of Jackson; The United States Government has stalked Jackson and refused to pay him a tax refund; Signet Bank did not file a brief in the bankruptcy proceeding; Citicorp will not release title to Jackson's vehicle; Allstate Insurance Company has stalked Jackson and committed theft, slander, and attempted murder; Decatur School District has defamed Jackson; First Premier Bank of Omaha has refused to follow bankruptcy procedures; CNA Insurance Company engaged in conspiracy with Allstate Insurance Company; and the Illinois Teacher Retirement Fund has refused to pay Jackson retirement benefits