62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Clarence B. JACKSON, Debtor-Appellant.
 No. 94-3197.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided Aug. 2, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clarence B. Jackson appeals the district court's order affirming a bankruptcy court decision which dismissed Jackson's Chapter 13 bankruptcy proceeding, 11 U.S.C. Secs. 1301, et seq., denied confirmation of Jackson's reorganization plan, and denied various motions made by Jackson.
 
 
 2
 Jackson is no stranger to bankruptcy proceedings. In December of 1989, he filed the first in a series of bankruptcy petitions. Within a ten-month period, Jackson had filed a total of three petitions under Chapter 13 of the Bankruptcy Code, all of which were dismissed. Jackson's fourth petition, filed under Chapter 7 of the Bankruptcy Code, 11 U.S.C. Secs. 701, et seq., resulted in a discharge of bankruptcy. In October of 1993, Jackson filed another petition under Chapter 13, along with twelve motions against various corporations, entities, individuals, and government agencies, seeking redemption of his assets, personal injury damages, orders of contempt, discovery orders, and an injunction of a state court proceeding. The bankruptcy court denied all twelve motions, denied confirmation of Jackson's reorganization plan, and dismissed his bankruptcy petition, finding that Jackson's petition lacked the good-faith required under 11 U.S.C. Sec. 1325(a)(3). The district court affirmed the bankruptcy court's decision and adopted its reasoning. Jackson filed an appeal of the district court's order. The district court's order was affirmed.[1]
 
 
 3
 While Jackson's appeal of the bankruptcy court's order dismissing his October, 1993 Chapter 13 petition was pending in the district court, Jackson filed another petition under Chapter 13 (his sixth bankruptcy petition), the dismissal of which forms the basis for this appeal. Jackson filed a reorganization plan as well as six motions against various corporations, entities, individuals, and government agencies, requesting sanctions for alleged intentional violations of the automatic stay, 11 U.S.C. 362(h).[2] The bankruptcy court denied Jackson's motions, denied confirmation of his reorganization plan, and dismissed his Chapter 13 petition. The bankruptcy court ordered that since Jackson was a successive filer lacking good faith, he was barred from filing any bankruptcy petitions under either Chapter 13 or Chapter 11 of the Bankruptcy Code for 180 days. The district court affirmed the bankruptcy court's decision and adopted its reasoning. Jackson now appeals.
 
 
 4
 On appeal, Jackson does not dispute any of the bankruptcy court's findings. Any claim that the bankruptcy court was in error has, therefore, been waived. Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1214 (7th Cir.1993). Rather, Jackson argues that the case should be remanded to the district court for consolidation with another case that he has filed (the case forming the basis of his appeal in In re Jackson, No. 94-2231, 1995 WL 156671), and set for a jury trial on his claims of "civil conspiracy." Jackson argues that he is owed money damages and is entitled to the return of certain property for the actions of the various parties named in his motions to the bankruptcy court.
 
 
 5
 Jackson accuses the named parties of various tortious and criminal conduct, including fraud, false imprisonment, stalking, and theft. Jackson argues that this conduct constitutes a "civil conspiracy" to deprive Jackson of his property and cause him emotional distress in violation of state and federal law.[3] Jackson alluded to this conspiracy in his brief before the district court, claiming that he was entitled to damages for mental anguish caused by a "contemptuous and tortious" conspiracy.
 
 
 6
 Jackson initiated this case in bankruptcy court, where such an adversarial proceeding must be commenced by a properly filed and served complaint. Bankruptcy Rule 7001; In re Perkins, 902 F.2d 1254, 1258 (7th Cir.1990). Moreover, a lawsuit brought in the district court must be commenced by a properly filed complaint. Fed.R.Civ.P. 3. Jackson has not filed any complaint regarding this alleged "civil conspiracy." Accordingly, his claim for damages arising from a "civil conspiracy" must be dismissed.[4]
 
 
 7
 Jackson does not challenge the findings of the bankruptcy court or otherwise challenge the findings of the district court.[5] Accordingly, we affirm the decision of the district court in denying Jackson's motions, denying his Chapter 13 reorganization plan, and dismissing his bankruptcy petition.
 
 
 8
 South Texas College of Law asks us to sanction Jackson for pursuing a frivolous appeal. Pursuant to the notice and opportunity requirement set forth in Fed.R.App.P. 38 and Cir.R. 38, Jackson has fourteen (14) days from the filing date of this order to file with this court his written reasons opposing South Texas College of Law's request for sanctions.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED. Further, it is ORDERED that Jackson shall have fourteen (14) days from the filing date of this order to respond to South Texas College of Law's request for sanctions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.Appp.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The district court's order was affirmed in an unpublished order of this court, In re Jackson, No. 94-2231, 1995 WL 156671 (7th Cir. April 7, 1995)
 
 
 [2]
 Motions were filed against the following parties--South Texas College of Law; the Office of the United States Attorney for the Central District of Illinois; Fingerhut Corporation; the City of Decatur; Soy Capital Bank and Trust; and Nicholas Creighton
 
 
 [3]
 The alleged actions constituting "civil conspiracy" appear to be as follows: the City of Decatur caused him to be falsely imprisoned and stalked, and maliciously violated the automatic stay provisions of 11 U.S.C. Sec. 362(h); Nicholas Creighton and Fingerhut Corporation have committed mail fraud against him; the United States Government allowed the Social Security Administration to interfere with his social security claim and deny his right to privacy; South Texas College of Law interfered with a law suit filed by Jackson, caused his social security benefits to be terminated, and intentionally stole from and defrauded its black law students; Soy Capital Bank caused Jackson to be wrongfully prosecuted and stalked
 
 
 [4]
 Since his claim for "civil conspiracy" must be dismissed, his request for consolidation of this case with In re Jackson, No. 94-2231, 1995 WL 156671, as well as his request for a jury trial, must likewise be denied
 
 
 [5]
 In his brief, Jackson does state that the City of Decatur committed a "malicious violation of section 362(h) of the bankruptcy code." However, he does not purport to challenge the denial of his motion requesting damages for intentional violations of the automatic stay. Rather, this allegation of a malicious violation of the stay was provided by Jackson in support of his claim of "civil conspiracy."